UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GEORGE FRIEDEL

    &                                                     CASE NO.

KATHERINE FRIEDEL,

       Plaintiffs,

vs.

SUN COMMUNITIES, INC.,

       Defendant.

_____/

## INTRODUCTION

1. This is a civil action brought pursuant to the Fair Housing Act ("FHA"), 42 U.S.C. § 3601 *et seq.*, for damages stemming from SUN COMMUNITIES INC.'s eviction of KATHERINE FREIDEL and GEORGE FRIEDEL (collectively "the FRIEDELS" and/or "Plaintiffs") based solely upon GEORGE FRIEDEL's disability-related need to live with his assistance animal.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because this lawsuit is brought under the FHA. Further, this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367

3. Venue is proper in the Southern District of Florida, Fort Pierce Division, under 28 U.S.C. §1391(b) because these claims arose in this judicial district.

## PARTIES

4. Plaintiff GEORGE FRIEDEL, an Indian River County resident, is an 81-year old man that suffers from and has a history of suffering from severe depression and a serious heart condition.

5. Plaintiff KATHLEEN FRIEDEL is an Indian River County resident and is married to GEORGE FRIEDEL.

6. Defendant SUN COMMUNITIES, INC. ("SUN COMMUNITIES") is a Foreign Limited Liability Corporation which owns, operates, and administers Park Place Community LLC, ("PARK PLACE"), the manufactured home community in Sebastian, Florida where the FRIEDELS resided before their eviction in October of 2017.

7. The lots rented to residents at PARK PLACE, including the one previously leased by the FRIEDELS, are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b), and subject to the anti-discrimination provisions of the FHA.

8. GEORGE FRIEDEL suffers from and has a history of suffering from several chronic physical and mental impairments, including heart failure and coronary atherosclerosis which affect his cardiovascular system and substantially limit one or more of his major life activities, and/or has a record of having such an impairment, and/or is regarded as having such an impairment.

9. GEORGE FRIEDEL also suffers from and has a history of suffering from major depressive disorder, a mental impairment that substantially limits one or more of his major life activities, including cognition, maintaining interpersonal relationships and self-care, and/or has a record of having such an impairment, and/or is regarded as having such an impairment.

10. Accordingly, GEORGE FRIEDEL has a "handicap" pursuant to 42 U.S.C. § 3602(h).

11. KATHLEEN FRIEDEL is married to GEORGE FRIEDEL and is therefore associated with a person with a handicap pursuant to 42. U.S.C. § 3604 (f)(1)(c).

12. In order to have equal use and enjoyment of his home, it was imperative that GEORGE FRIEDEL had the ability to live with his dog "Maggie," his emotional support animal ("ESA").

13. Maggie was an 11year-old Golden Retriever that provided GEORGE FRIEDEL that ameliorated the symptoms of his disabilities.

14. At all times relevant to this complaint, Defendant SUN COMMUNITIES has had actual knowledge of GEORGE FRIEDEL's disabilities and his need to reside with his ESA.

15. On August 29, 2017, GEORGE FRIEDEL, through counsel, requested SUN COMMUNITIES to accommodate his disability by waiving any rule or policy that prevented him from living with his ESA at his home within the Park Place community. SUN COMMUNITIES was provided medical records, Declarations from GEORGE FRIEDEL'S physicians authenticating those records and attesting to his history of depression and heart problems, as well as a Declaration from a certified animal behaviorist and animal trainer attesting to Maggie's training. The request for accommodation is attached hereto and incorporated by reference as "Exhibit A."

16. SUN COMMUNITIES replied through its counsel that:

> *I have previously and continue to express concerns re: George Friedel's alleged disability. His allegations do not match his medical records, which is our primary defense in our current litigation. Notwithstanding I am providing a copy of this correspondence to appropriate parties and I will be in touch soon to advise.*

3

SUN COMMUNITIES response to the request for accommodation is attached hereto and incorporated by reference as "Exhibit B."

17. SUN COMMUNITIES did not request additional information regarding GEORGE FRIEDEL's disabilities.

18. SUN COMMUNITIES was not "in touch soon" regarding the requested accommodation.

19. Instead, on October 18, 2017, SUN COMMUNITIES served the FRIEDELS with a "STATUTORY THIRTY (30) DAY NOTICE TO VACATE." The eviction notice is attached hereto and incorporated by refence as "Exhibit C."

20. As of October 18, 2017, Maggie had successfully completed professional canine behavior training and had ceased all conduct indicating that the geriatric dog posed or might pose a direct threat to other residents or their property.

21. With professional behavior modification training, Maggie had become habituated to small dogs.

22. SUN COMMUNITIES was aware of the professional behavior modification training Maggie had received.

23. Prior to the FRIEDELS' eviction, SUN COMMUNITIES deposed animal behaviorist/trainer Cecelia Sumner and was in possession of Behaviorist Sumner's Report, Declaration, and video verifying Maggie's successful behavior modification.

24. Prior to the FRIEDELS' eviction, SUN COMMUNITIES was also aware of other measures taken by the FRIEDELS which eliminated the risk that Maggie posed any threat to other residents or their dogs.

25. At the time of the FRIEDELS' eviction, SUN COMMUNITIES was well aware that the predecessor year and a half was free of any incidents in the Park Place community involving Maggie, or even claimed to involve Maggie.

26. SUN COMMUNITIES has an unwritten policy that any dog involved in an altercation with another dog in one of its communities must be removed, even if the dog is an assistance animal and even if the dog's owner has taken corrective measures demonstrating the elimination of risk of any future altercations ("unwritten policy") and thus demonstrating the elimination of any risk of substantial physical damage to the property of others.

27. Modification of the unwritten policy was necessary for GEORGE FRIEDEL to have an equal opportunity to enjoy his dwelling in PARK PLACE.

28. SUN COMMUNITIES refused to modify its unwritten policy or even offer an alternative accommodation of GEORGE FRIEDEL's disability.

29. Before evicting the FRIEDELS, SUN COMMUNITIES made no effort to independently assess whether Maggie posed any risk of threat to other residents or their property, completely disregarding Maggie's behavior modification training by a professional animal behaviorist/modification training, the other measures taken by the FRIEDELs, or the absence of any incident in the predecessor year and a half.

30. SUN COMMUNITIES made GEORGE FRIEDEL'S dwelling unavailable to him because of his disability.

31. SUN COMMUNITIES made KATHLEEN FRIEDEL'S dwelling unavailable to her on account of her husband's disability.

32. At all times relevant, SUN COMMUNITIES had actual knowledge of GEORGE FRIEDEL'S disabilities and his need to reside with Maggie for emotional support.

33. SUN COMMUNITIES was provided credible verification of GEORGE FRIEDEL'S disability but chose to disbelieve the opinions of GEORGE FRIEDEL's physicians -- actual medical experts.

34. GEORGE FRIEDEL has been injured by SUN COMMUNITIES' discriminatory housing practices and is therefore an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

35. KATHLEEN FRIEDEL has been injured by SUN COMMUNITIES' discriminatory housing practices and is therefore an "aggrieved person" pursuant to 42 U.S.C. § 3602(i).

36. The FRIEDELs have retained the undersigned to represent them in this cause and agreed to pay a reasonable fee for their services.

## Count I
## MAKING A DWELLING UNAVAILABLE BECAUSE OF HANDICAP

37. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

38. GEORGE FRIEDEL required the ability to live with his ESA, Maggie, in order to have the same opportunity to enjoy his dwelling at Park Place as any non-disabled resident.

39. SUN COMMUNITIES, despite knowing of GEORGE FRIEDEL's disability-related need to live with Maggie, evicted the FRIEDELS based upon a single incident involving Maggie, which had occurred more than a year and a half earlier.

40. The foregoing acts of Defendant SUN COMMUNITIES constitute discrimination violation of 42 U.S.C. § 3604(f)(1)(A), by making a dwelling unavailable because of a handicap.

41. GEORGE FRIEDEL and KATHLEEN FRIEDEL were forced to leave a community they loved upon short notice, leaving behind friends and family.

42. The illegal eviction by SUN COMMUNITIES humiliated GEORGE FRIEDEL and KATHLEEN FRIEDEL and caused them severe stress and emotional distress.

43. The FRIEDELS are now required to pay more for lawn maintenance and other services previously provided to them at Park Place.

44. The FRIEDELS no longer have access to the same amenities they had prior to being evicted.

45. KAITHLEEN FRIEDEL no longer lives within walking distance of family as she did prior to eviction.

46. The FRIEDELS have incurred moving costs including but not limited to inspection fees, packing fees, an appraisal fee, increased insurance expenses, storage costs, and several month's rent for a lot from which they were evicted.

47. GEORGE FRIEDEL's heart condition was greatly exacerbated by the stress and emotional turmoil caused by the eviction itself, the physical move, the displacement associated with any move, much less one under eviction circumstances, the loss of his community and home, and having to move.

48. As a result of the conduct of SUN COMMUNITIES, GEORGE FRIEDEL and KATHLEEN FRIEDEL have suffered damages.

49. The discriminatory conduct and actions of SUN COMMUNITIES were intentional, willful, and taken in blatant disregard for the rights of GEORGE FRIEDEL and KATHLEEN FRIEDEL.

   **WHEREFORE,** Plaintiffs GEORGE FRIEDEL and KATHERINE FRIEDEL demand a judgment against Defendant SUN COMMUNITIES declaring that SUN COMMUNIITIES's actions violated the FHA by discriminating against a person with disabilities and a person associated with a disabled person, awarding Plaintiffs compensatory damages, punitive damages, their attorney's fees and costs, as well as any other such relief as this Court deems just and equitable.

## COUNT II
## FAILURE TO REASONABLY ACCOMMODATE

50. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

51. GEORGE FRIEDEL suffers from and has a history of suffering from severe depression and a serious heart condition that substantial limit his daily life activities.

52. GEORGE FRIEDEL required the ability to live with his ESA to have the same opportunity to enjoy his dwelling at Park Place as any other non-disabled resident.

53. SUN COMMUNITIES had actual knowledge of GEORGE FRIEDEL'S disability and his need for an accommodation.

54. GEORGE FRIEDEL provided reliable third-party verification of his disabilities and history of disabilities from his current and former physicians.

55. SUN COMMUNITIES was fully aware of Maggie's training, the completion of that training, successful behavior modification, and absence of any genuine threat to the health or safety of other residents or other individuals or their property, as well as the

8

other measures taken by the FRIEDELs to eliminate the risk of any future incident or possibility of any future incident, but nonetheless refused to allow Maggie to remain in the community.

56. SUN COMMUNITIES has failed to modify its policies in order grant a reasonable accommodation to GEORGE FRIEDEL, and instead served the FRIEDELS with an eviction notice on October 18, 2017, giving them 30 days to "vacate" their home, while also demanding they continue to pay monthly lot rental for a home they could not inhabit.

57. Solely because of SUN COMMUNITIES' failure to modify its policies to accommodate GEORGE FRIEDEL's disability, the FRIEDELS were forced to move from their home.

58. The FRIEDELS have incurred moving costs including but not limited to inspection fees, packing fees, an appraisal fee, increased insurance expenses, storage costs, and several month's rent for a lot from which they were evicted.

59. SUN COMMUNITIES' failure to modify its policies to accommodate GEORGE FRIEDEL'S disability is discriminatory and unlawful.

60. Such conduct by SUN COMMUNITIES is in total and reckless disregard of the FRIEDEL's rights.

61. Defendant SUN COMMUNITIES, though its conduct and acts described above, violated 42 U.S.C. § 3604(f), by failing to make reasonable accommodations in its rules, policies, practices, or services, when such accommodations were necessary to afford GEORGE FRIEDEL an equal opportunity to use and enjoy his dwelling.

62. Allowing GEORGE FRIEDEL to reside in his own home in the development owned by SUN COMMUNITIES community with his ESA, Maggie, would not have: (1) resulted in substantial physical damage to the property of others; (2) posed an undue financial and administrative burden to SUN COMMUNITIES; or (3) fundamentally altered the nature of SUN COMMUNITIES' operations.

63. As a direct and proximate result of stress related to SUN COMMUNITIES' failure to accommodate GEORGE FRIEDEL'S need to reside with Maggie, causing him to have to move from his home, GEORGE FRIEDEL had to have a pacemaker installed.

64. The FRIEDELS suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of their right to equal housing opportunities regardless of disability.

65. SUN COMMUNITIES' discriminatory conduct and actions were intentional, willful, and taken in total disregard for the FRIEDEL'S rights and well-being.

**WHEREFORE,** Plaintiffs GEORGE FRIEDEL and KATHERINE FRIEDEL demand a judgment against Defendant SUN COMMUNITIES declaring that SUN COMMUNIITIES' actions violated the FHA by discriminating against a person with disabilities and a person associated with a disabled person, awarding Plaintiffs' compensatory damages, punitive damages, their attorney's fees and costs, as well as any other such relief as this Court deems just and equitable.

## COUNT III
## ILLEGAL RETALIATION

66. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

67. SUN COMMUNTIES previously demanded that Maggie be removed from the community. However, after GEORGE FRIEDEL exercised his fair housing rights by requesting an accommodation to keep Maggie and filed a federal complaint seeking to enforce his fair housing rights, SUN COMMUNITIES was no longer content with Maggie's removal and evicted not just Maggie, but also evicted GEORGE FRIEDEL and KATHLEEN FRIEDEL from the home they owned.

68. In evicting GEORGE FRIEDEL and KATHLEEN FRIEDEL rather than simply requiring that Maggie be removed, SUN COMMUNITIES retaliated against GEORGE FRIEDEL and KATHLEEN FRIEDEL.

69. SUN COMMUNITIES, through its conduct described above, violated 42 U.S.C. § 3617 of the FHA.

70. As a result of the retaliatory conduct of SUN COMMUNITIES, GEORGE and KATHLEEN FRIEDEL suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of their right to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiffs GEORGE FRIEDEL and KATHERINE FRIEDEL demand a judgment against Defendant SUN COMMUNITIES declaring that SUN COMMUNIITIES's actions violated the FHA by retaliating against a person with disabilities and a person associated with a disabled person, awarding Plaintiffs' compensatory damages, punitive damages, their attorney's fees and costs, as well as any other such relief as this Court deems just and equitable.

## COUNT IV
## BREACH OF COVENT OF GOOD FAITH AND FAIR DEALING

71. Plaintiff re-allege and incorporate by reference paragraphs 1 through 36 as if fully set forth herein.

72. Florida law implies a covenant of good faith and fair dealing in all contractual relationships.

73. On November 17, 2015, the FRIEDELS entered contract with PARK PLACE COMMUNITY, LLC whereby PARK PLACE leased a lot to GEORGE FRIEDEL and KATHERINE FRIEDEL for the sum of $757.00 per month.

74. GEORGE FRIEDEL and KATHERINE FRIEDEL performed all actions required of them under the contract.

75. GEORGE FRIEDEL and KATHERINE FRIEDEL paid their assessments on time and were active, upstanding members of the PARK PLACE community.

76. SUN COMMUNITIES unfairly interfered with GEORGE FRIEDEL'S and KATHERINE FRIEDEL'S receipt of the contract's benefits.

77. SUN COMMUNITIES' conduct did not comport with GEORGE FRIEDEL'S and/or KATHERINE FRIEDEL'S reasonable expectations under the contract.

78. GEORGE FRIEDEL and KATHERINE FRIEDEL were harmed by SUN COMMUNITIES' conduct.

   **WHEREFORE**, GEORGE FRIEDEL and KATHERINE FRIEDEL demand a judgment against Defendant SUN COMMUNITIES.

## DEMAND FOR JURY TRIAL

Plaintiffs demand a jury trial for all issues so triable.

| | |
|---|---|
| MARCY I. LAHART PA | VENZA LAW LLC |
| 207 SE Tuscawilla Road | 931 Village Boulevard, #905-322 |
| Micanopy, FL 32667 | West Palm Beach, FL 33409 |
| Telephone: (352) 224-5699 | office: (561) 596-6329 |
| Facsimile: (888) 400-1464 | email: dvenza@venzalawpllc.com |
| marcy@floridaanimallawyer.com | |
| | |
| BY: *s/ Marcy I. LaHart* | BY: *s/Denese Venza* |
| Marcy I. LaHart, Esq. | Denese Venza, Esq. |
| Florida Bar No. 0967009 | Florida Bar No. 599220 |
| Counsel for Plaintiffs | Counsel for Plaintiffs |