

# Marcy I. LaHart, P.A.

Animal Law • Environmental Law • Water Law • Administrative Law

Brian C. Chase, Managing Attorney
Atlas Law
1701 N. 20th Street, Suite B
Tampa, Florida 33605

August 29, 2017

RE: Request for accommodation on behalf of George Friedel

Dear Mr. Chase:

Pursuant to the Federal and Florida Fair Housing Acts and the anti-discrimination provisions of the Indian River County Code, I am requesting that Sun Communities waive any rule or policy that would prevent George Friedel from living with his assistance animal Maggie at his home within the Park Place community in Sebastian Florida. As you are aware, Maggie is an 11 year old Golden Retriever, and Park Place is owned and managed by Sun Communities.

Mr. Friedel is a 79 year old man who suffers from and has a history of suffering from major depressive disorder, atherosclerosis and heart failure. Maggie provides him emotional support, comfort, companionship and unconditional love which help ameliorate the symptoms of his depression. Furthermore, stress responses are particularly dangerous for individuals with heart disease, and living with Maggie has a calming influence on Mr. Friedel in addition to boosting his mood and level of daily functioning.

While a housing provider is not required to accommodate an assistance animal that poses a direct threat to other residents or their property, the determination of whether an assistance animal poses a direct threat must rely on an individualized assessment that is based on objective evidence about the specific animal in question, such as the animal's <u>current conduct</u> or <u>a recent history of overt acts</u>. Maggie was fearful of small dogs and was in an altercation with a smaller dog on a single occasion more than a year and a half ago when she pushed through a screen door that was not properly latched. Since then, Mr. Friedel and his wife have taken the following actions that have greatly reduced or eliminated the risk that Maggie will have any adverse encounters with other small dogs belonging to other Park Place residents:

1) Replaced the screen door with one that latches properly.

2) Permanently erected a gate between the living area and the front door to prevent Maggie from ever escaping accidently.

352.224.5699 Ph. • 888.400.1464 Fax • 4804 SW 45th Street • Gainesville, FL 32608
MARCY@FLORIDAANIMALLAWYER.COM • WWW.FLORIDAANIMALLAWYER.COM

3) Hired a professional dog trainer to address Maggie's fear of small dogs and help habituate her to small dogs so that she ignores them rather than seeing them as a threat. The Friedels have had many sessions with the trainer, who reports that Maggie has made great progress. Additionally, the Friedels have learned to watch for signals that Maggie is becoming anxious so that they can redirect her if needed.

4) Habituated Maggie to being walked with a head collar that gives them much better ability to control Maggie's behavior on a leash.

I trust that these measures are adequate. In the event that Sun Communities feels they are not adequate to prevent future injury, Sun Community still may not deny the request in the absence of "objective evidence that is sufficiently recent as to be credible, and not from unsubstantiated inferences," that the animal "will pose a direct threat to the health and safety of others . . . ." that cannot be mitigated in anyway. *Roe v. Sugar River Mills Assoc.*, 820 F. Supp. 636, 640 (D.N.H. 1993) Banning retractable leashes, and uniformly enforcing pet rules rather that enforcing them only against large dogs should be explored.

I am providing you records from my client's family physicians in New Jersey documenting that he was diagnosed with major depressive disorder and heart problems. Accordingly, he has a record of having these impairments and is considered "handicapped" as defined by 42 USC 3602(h) (2). Additionally, I am providing a report from Ms. Sumner, the professional dog trainer that has worked with and continues to work with Maggie.

Ever since Mr. Friedel was served a statutory eviction notice he has been very anxious about the possibility of losing either his home or Maggie. This anxiety has substantially impacted his health, even sending him to the emergency room with chest palpitations, and reduced the level to which he us able to enjoy his home. Accordingly, I request a prompt response to this request for accommodation. If you have any specific questions regarding his disability related need for Maggie's support please be in touch immediately. Otherwise I look forward to prompt confirmation that Sun Communities will accommodate George Friedel's handicaps by waiving its unwritten policy that any dog that gets into a fight with another dog is forever banned.

Sincerely,

Marcy LaHart, Esq.