UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

GEORGE FRIEDEL

                                             CASE NO.

KATHLEEN FRIEDEL

          Plaintiffs

vs.

SUN COMMUNITIES, INC.

          Defendant

_____/

## **FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW Plaintiffs GEORGE FRIEDEL AND KATHLEEN FRIEDEL, by and through their undersigned counsel and sue the Defendant, SUN COMMUNITIES, INC., and state as follows:

### INTRODUCTION

1.    This is a civil action brought pursuant to the Fair Housing Act (hereinafter "FHA"), 42 U.S.C. § 3601, for damages and injuries stemming from SUN COMMUNITIES INC.'s illegal eviction of KATHLEEN FREIDEL and GEORGE FRIEDEL. SUN COMMUNITIES INC.  violated the FHA by making GEORGE FRIEDEL and KATHLEEN FRIEDEL's dwelling unavailable on account of GEORGE FRIEDEL'S disability, refusing to make reasonable accommodations to its rules, polices, practices, and/or services when such an accommodation was necessary to afford GEORGE FRIEDEL an equal opportunity to use and enjoy his dwelling,  evicting KATHLEEN FREIDEL and GEORGE FRIEDEL in retaliation for trying to protect

their rights under the FHA and breaching the implied covenant of good faith and fair dealing.

## JURISDICTION AND VENUE

2.     This Court has original jurisdiction pursuant to 28 U.S.C. § 1331, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 et seq. Further, this Court has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in the Southern District of Florida, Ft Pierce Division, under 28 U.S.C. §1391(b) because these claims arose in this judicial district.

## PARTIES

4.     Plaintiff GEORGE FRIEDEL, an Indian River County resident, is an 81-year old man that suffers from and has a history of suffering from severe depression and a serious heart condition.

5.     Plaintiff KATHLEEN FRIEDEL is an Indian River County resident and is married to GEORGE FRIEDEL.

6.     Defendant SUN COMMUNITIES, INC. (SUN COMMUNITIES) is a Foreign Limited Liability Corporation which owns, operates and administers Park Place Community LLC, ("PARK PLACE"), the manufactured home community where the FRIEDELS resided before their eviction in October of 2017.

7.     The lots rented to residents at PARK PLACE, including the one previously leased by the FRIEDELs, are "dwelling[s]" within the meaning of 42 U.S.C. § 3602(b), FHA, and subject to the anti-discrimination provisions of the FHA.

8.    GEORGE FRIEDEL suffers and has a history from suffering from several chronic physical and mental impairments, including heart failure and coronary athersclerosis. GEORGE FRIEDEL also suffers from and has a history of suffering from major depressive disorder, a mental impairment that substantially limits one or more of his major life activities, including cognition, maintaining interpersonal relationships and self-care. Accordingly, GEORGE FRIEDEL has a "handicap" pursuant to 42 U.S.C. § 3602(h), FHA.

9.    GEORGE FRIEDEL is married to KATHLEEN FRIEDEL and is therefore associated with a person with a handicap pursuant to 42. U.S.C. § 3604 (f)(1)(c), FHA.

10.   In order to have equal use and enjoyment of his home, it was imperative that GEORGE FRIEDEL had the ability to live with his dog Maggie as an emotional support animal.

11.   Maggie was an 11year-old Golden Retriever that provided GEORGE FRIEDEL emotional support, affection and unconditional love that ameliorates the symptoms of his disabilities.

12.   At all times relevant to this complaint, Defendant SUN COMMUNITIES has had actual knowledge of GEORGE FRIEDEL's disabilities and his need to reside with Maggie for emotional support.

13.   On August 29, 2017 GEORGE FRIEDEL through counsel asked that SUN COMMUNITIES waive any rule or policy that would prevent GEORGE FRIEDEL from living with his assistance animal Maggie at his home within the Park Place community in Sebastian Florida. SUN COMMUNITIES was provided medical records and declarations of GEORGE FRIEDEL'S physicians authenticating their

records and attesting to history of depression and heart problems and a declaration from Maggie's trainer. The request for accommodation is attached hereto and incorporated by reference as Exhibit A.

14. SUN COMMUNITIES replied through its counsel via email that:

> "I have previously and continue to express concerns re: George Friedel's alleged disability. His allegations do not match his medical records, which is our primary defense in our current litigation. Notwithstanding I am providing a copy of this correspondence to appropriate parties and I will be in touch soon to advise."

SUN COMMUNITIES response to request for accommodation is attached hereto and incorporated by reference as Exhibit B.

15. SUN COMMUNITIES did not request additional information regarding GEORGE FRIEDEL's disabilities.

16. SUN COMMUNITIES was not "in touch soon" regarding the requested accommodation.

17. On October 18, 2017 SUN COMMUNITIES served GEORGE and KATHLEEN FRIEDEL with a "STATUTORY THIRTY (30) DAY NOTICE TO VACATE." The eviction notice is attached hereto and incorporated by refence as Exhibit C.

18. As of October 18, 2017, Maggie had received professional training and had not demonstrated any recent conduct indicating the geriatric dog posed a direct threat to other residents or their property.

19. With professional training Maggie had become habituated to small dogs.

20. SUN COMMUNITIES was aware of the professional training Maggie had received.

21.  Prior to evicting the plaintiffs, SUN COMMUNITIES deposed the dog trainer Cecelia Sumner and had been provided a report and declaration and video from the trainer verifying Maggie's successful training.

22.  SUN COMMUNITIES was aware of other measures taken by GEORGE. FRIEDEL and KATHLEEN FRIEDEL to ensure that Maggie did not pose a threat to other resident's dogs.

23.  At the time SUN COMMUNITIES evicted GEORGE FRIEDEL and KATHLEEN FRIEDEL there had been no problems in the community with Maggie in more than a year and a half.

24.  SUN COMMUNITIES has an unwritten policy that any dog involved in an altercation with another dog must be removed from any SUN COMMUNITIES property, even if it is an assistance animal and even if the dog's owner has taken corrective measures.

25.  GEORGE FRIEDEL required a modification of the unwritten policy that any dog involved in an altercation with another dog must be removed from any SUN COMMUNITIES property was necessary for GEORGE FRIEDEL to have an equal opportunity to enjoy his dwelling in PARK PLACE.

26.  SUN COMMUNITIES refused to modify its unwritten policy that any dog involved in an altercation with another dog must be removed from any SUN COMMUNITIES property in order to accommodate GEORGE FRIEDEL's disability.

27.  Before evicting GEORGE FRIEDEL and KATHLEEN FRIEDEL, SUN COMMUNITIES made no effort to independently assess whether Maggie currently posed any risk taking into account Maggie's professional training coupled with other measures taken by GEORGE FRIEDEL and KATHLEEN FRIEDEL.

28. SUN COMMUNITIES made GEORGE FRIEDEL's dwelling unavailable to him because of his disability.

29. SUN COMMUNITIES made KATHLEEN FRIEDEL's dwelling unavailable to her on account of her husband's disability.

30. At all times relevant to this complaint, SUN COMMUNITIES had actual knowledge of GEORGE FRIEDEL'S disabilities and his need to reside with Maggie for emotional support.

31. SUN COMMUNITIES was provided credible verification of GEORGE.FRIEDEL'S disability but chose to disbelieve the opinions of GEORGE FRIEDEL's physicians.

32. GEORGE FRIEDEL has been injured by SUN COMMUNITIES discriminatory housing practices and therefore GEORGE FRIEDEL is an "aggrieved person" pursuant to 42 U.S.C. § 3602(i), FHA.

33. KATHLEEN FRIEDEL has been injured by SUN COMMUNITIES discriminatory housing practices and therefore KATHLEEN. FRIEDEL is an "aggrieved person" pursuant to 42 U.S.C. § 3602(i), FHA.

34. GEORGE FRIEDEL and KATHLEEN FRIEDEL have retained the undersigned to represent them in this cause and has agreed to pay a reasonable fee for their services.

**Count I**
**MAKING A DWELLING UNAVAILABLE BECAUSE OF HANDICAP**

35. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 as if fully set forth herein.

36. Plaintiff GEORGE FRIEDEL required the ability to live with his emotional support animal, Maggie, in order to have the same opportunity to enjoy his dwelling at Park Place as any non-disabled resident.

37.   SUN COMMUNITIES, knowing of GEORGE FRIEDEL's disability related need to live with Maggie, evicted GEORGE FRIEDEL and KATHLEEN FRIEDEL because of one minor incident with GEORGE FRIEDEL's assistance animal more than a year and a half earlier.

38.   The foregoing acts of Defendant SUN COMMUNITIES constitute discrimination violation of 42 U.S.C. § 3604(f)(1)(A), FHA, by making a dwelling unavailable because of a handicap.

39.   GEORGE FRIEDEL and KATHLEEN FRIEDEL were forced to leave a community they loved upon short notice, leaving behind friends and family.

40.   The illegal eviction by SUN COMMUNITIES humiliated GEORGE FRIEDEL and KATHLEEN FRIEDEL and caused them severe stress and emotional distress.

41.   GEORGE FRIEDEL and KATHLEEN FRIEDEL are now required to pay more for lawn maintenance and other services previously provided to them at Park Place.

42.   GEORGE FRIEDEL and KATHLEEN FRIEDEL no longer have access to the same amenities they had prior to being evicted.

43.   KAITHLEEN FRIEDEL no longer lives within walking distance of family as she did prior to eviction.

44.   GEORGE and KATHLEEN FRIEDEL have incurred moving costs including but not limited to inspections fees, packing, an appraisal fee, increased insurance expenses, storage costs, and several month's rent for a lot from which they were evicted.

45.   GEORGE FRIEDEL's heart condition was greatly exacerbated by the stress and emotional turmoil caused by the eviction and having to move.

46.    As a result of the conduct of SUN COMMUNITIES, GEORGE FRIEDEL and KATHLEEN FRIEDEL have suffered damages.

47.    The discriminatory conduct or actions of SUN COMMUNITIES were intentional, willful, and taken in blatant disregard for the rights of GEORGE FRIEDEL and KATHLEEN FRIEDEL.

**WHEREFORE,** Plaintiffs GEORGE FRIEDEL and KATHLEEN FRIEDEL demand a judgment against Defendant SUN COMMUNITIES to declare that the actions of Defendant SUN COMMUNIITIES violated the FHA by discriminating against a person with disabilities and a person associated with a disabled person, and awards Plaintiffs compensatory and punitive damages, and their attorney's fees and costs as well as any other such relief as this Court deems just and equitable.

## COUNT II
## <u>FAILURE TO REASONABLY ACCOMMODATE</u>

48.    Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 as if fully set forth herein.

49.    GEORGE FRIEDEL suffers from and has a history of suffering from severe depression and a serious heart condition that substantial limit his daily life activities.

50.    GEORGE FRIEDEL required the ability to live with his emotional support animal in order to have the same opportunity to enjoy his dwelling at Park Place as any other non-disabled resident.

51.    SUN COMMUNITIES had actual knowledge of GEORGE FRIEDEL's disability and his need for an accommodation.

52.   GEORGE FRIEDEL provided reliable third-party verification of his disabilities and history of disabilities from his current and former physicians.

53.   SUN COMMUNITIES was fully aware of Maggie's training, as well as all the other measures taken by GEORGE and KATHLEEN FRIEDEL to prevent another incident, but nonetheless refused to allow Maggie to remain in the community.

54.   SUN COMMUNITIES has failed to modify its policies in order grant a reasonable accommodation to GEORGE FRIEDEL, and instead on October 18. 2017 SUN COMMUNITIES had GEORGE and KATHLEEN FRIEDEL served with an eviction notice giving them 30 days to "vacate" their home, while also demanding they continue to pay monthly lot rental for a home they cannot inhabit.

55.   Solely because of SUN COMMUNITIES' failure to modify its policies to accommodate GEORGE FRIEDEL's disability, GEORGE and KATHLEEN FRIEDEL were forced to move from their home.

56.   GEORGE and KATHLEEN FRIEDEL have incurred moving costs including but not limited to inspections fees, packing, an appraisal fee, increased insurance expenses, storage costs, and several month's rent for a lot from which they were evicted.

57.   SUN COMMUNITIES failure to modify its policies to accommodate GEORGE FRIEDEL's disability is discriminatory and unlawful.

58.   Such conduct by SUN COMMUNITIES is in total and reckless disregard of GEORGE and KATHLEEN. FRIEDEL's rights.

59.   Defendant SUN COMMUNITIES, though its conduct and acts described above, violated 42 U.S.C. § 3604(f), FHA, by failing to make reasonable accommodations in

its rules, policies, practices, or services, when such accommodations are necessary to afford GEORGE FRIEDEL an equal opportunity to use and enjoy his dwelling.

60. Allowing GEORGE FRIEDEL to reside in his own home in the development owned by SUN COMMUNITIES community with his Maggie would not have : (1) resulted in substantial physical damage to the property of others; (2) posed an undue financial and administrative burden to SUN COMMUNITIES; or (3) fundamentally altered the nature of SUN COMMUNITIES operations.

61. As a direct and proximate result of stress related to SUN COMMUNITIES's failure to accommodate GEORGE FRIEDEL's need to reside with Maggie, causing him to have to move, GEORGE FRIEDEL had to have a pacemaker installed.

62. GEORGE and KATHLEEN FRIEDEL suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of their right to equal housing opportunities regardless of disability.

63. The discriminatory conduct or actions of SUN COMMUNITIES was intentional, willful, and taken in total disregard for the FRIEDELs' rights and well-being.

**WHEREFORE,** Plaintiffs GEORGE FRIEDEL and KATHLEEN FRIEDEL demand a judgment against Defendant SUN COMMUNITIES to declare that the actions of Defendant SUN COMMUNIITIES violated the FHA by discriminating against a person with disabilities and a person associated with a disabled person, and awards Plaintiffs compensatory and punitive damages, and their attorney's fees and costs as well as any other such relief as this Court deems just and equitable.

## COUNT III
## ILLEGAL RETALIATION

64. Plaintiffs re-allege and incorporate by reference paragraphs 1 through 34 as if fully set forth herein.

65. SUN COMMUNTIES had previously demanded that Maggie be removed from the community. However, after GEORGE FRIEDEL exercised his fair housing rights by requesting an accommodation  to keep Maggie and filing a federal complaint seeking to enforce his fair housing rights, SUN COMMUNITIES was no longer content with Maggie's removal and evicted not just Maggie, but also evicted GEORGE FRIEDEL and KATHLEEN FRIEDEL from the home they owned.

66. In evicting GEORGE FRIEDEL and KATHLEEN FRIEDEL rather than simply requiring that Maggie be removed, SUN COMMUNITIES retaliated against GEORGE FRIEDEL and KATHLEEN FRIEDEL.

67. SUN COMMUNITIES, through its conduct above violated 42 U.S.C. § 3617 of the FHA.

68. As a result of the retaliatory conduct of SUN COMMUNITIES, GEORGE and KATHLEEN FRIEDEL suffered irreparable loss and injury including, but not limited to, mental anguish, loss of dignity, emotional distress, humiliation, and loss of their right to equal housing opportunities regardless of disability.

**WHEREFORE,** Plaintiffs GEORGE FRIEDEL and KATHLEEN FRIEDEL demand a judgment against Defendant SUN COMMUNITIES to declare that the actions of Defendant SUN COMMUNIITIES violated the FHA by retaliating against a person with disabilities and a person associated with a disabled person, and awards Plaintiffs compensatory and punitive damages, and their attorney's fees and costs as well as any other such relief as this Court deems just and equitable.

**COUNT IV**
**BREACH OF COVENT OF GOOD FAITH AND FAIR DEALING**

69.   Plaintiff re-allege and incorporate by reference paragraphs 1 through 34 as if fully set forth herein.

70.   Florida law implies a covenant of good faith and fair dealing in all contractual relationships.

71.   On November 17, 2015 GEORGE FRIEDEL and KATHLEEN FRIEDEL entered contract with PARK PLACE COMMUNITY LLC whereby PARK PLACE leased a lot to GEORGE FRIEDEL and KATHLEEN FRIEDEL for the sum of $757.00 per month. The lease is attached hereto and incorporated by refence as Exhibit D.

72.   GEORGE FRIEDEL and KATHLEEN FRIEDEL performed all actions required of them under the contract.

73.   GEORGE FRIEDEL and KATHLEEN FRIEDEL paid their assessments on time and were active, upstanding members of the PARK PLACE community.

74.   SUN COMMUNITIES unfairly interfered with GEORGE FRIEDEL's and KATHLEEN FRIEDEL's receipt of the contract's benefits.

75.   SUN COMMUNITIES conduct did not comport with GEORGE FRIEDEL and KATHLEEN FRIEDEL reasonable expectations under the contract.

76.   GEORGE FRIEDEL and KATHLEEN FRIEDEL were harmed by SUN COMMUNITIES conduct.

**WHEREFORE**, GEORGE FRIEDEL and KATHLEEN FRIEDEL demand a judgment against Defendant SUN COMMUNITIES.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs demand a jury trial for all issues so triable.

MARCY I. LAHART PA
207 SE Tuscawilla Road
Micanopy, FL 32667
Telephone: (352) 224-5699
Facsimile: (888) 400-1464
marcy@floridaanimallawyer.com

BY: <u>*s/ Marcy I. LaHart*</u>
Marcy I. LaHart, Esq.
Florida Bar No. 0967009
Counsel for Plaintiffs

VENZA LAW LLC
931 Village Boulevard, #905-322
West Palm Beach, FL 33409
office: (561) 596-6329
email: dvenza@venzalawpllc.com

BY: <u>*s/Denese Venza*</u>
Denese Venza, Esq.
Florida Bar No. 599220
Counsel for Plaintiffs