UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:19-CV-14394-ROSENBERG

GEORGE FRIEDEL &
KATHLEEN FRIEDEL,

    Plaintiffs,

vs.

SUN COMMUNITIES, INC.,

    Defendant.
_____/

## DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant, Sun Communities, Inc. ("Sun Communities"), by and through the undersigned counsel, hereby files this Motion to Dismiss Plaintiff's Complaint, and in support thereof states as follows:

## INTRODUCTION

Plaintiffs, George and Kathleen Friedel, filed a First Amended Complaint and Demand for Jury Trial on October 27, 2019 (the "Complaint"). The nature of the dispute is not new to this Court, as this matter proceeded to a 2-day jury trial in October of 2017 as Case #: 17-CV-14056-RLR (the "Prior Litigation"). This Court may take judicial notice of the Prior Litigation pursuant to Fed. R. Civ. P. 201.

What is different about this Complaint is that this time Plaintiffs have filed the litigation against Sun Communities, Inc. ("Sun"), and not Park Place Community, L.L.C. ("Park Place"). Plaintiffs' Complaint alleges the same cause of action as the Prior Litigation in Count I and II. Count I is styled Making a Dwelling Unavailable Because of a Handicap. Count II asserts a claim for Failure to Reasonably Accommodate under the Fair Housing Act. Importantly, Park

Place is the proper party to this action, as it is a separate and distinct entity from Sun Communities and is the contracting party. The Lot Rental Agreement attached to Plaintiffs' Complaint is between Park Place and Plaintiffs, and all notices advising the Plaintiffs that they must remove Maggie or be evicted were sent by Plaintiffs' landlord, Park Place. The October 18, 2017 notice attached to Plaintiffs' Complaint specifically states that it is being sent on behalf of "Park Place Community, L.L.C., the owner of Park Place mobile home community." As a result, Park Place is the proper Defendant in this case. By now suing Sun Communities, Plaintiffs are attempting to thwart the impact of the doctrine of *res judicata*, which application mandates that this case be dismissed.

Count III of Plaintiffs' Complaint alleges a cause of action for Illegal Retaliation pursuant to 42 U.S.C. §3617 (2019). Plaintiffs allege in Count III that Sun Communities should have evicted Maggie the dog, but not the Plaintiffs. Plaintiffs ignore that they had an opportunity to remove Maggie when they received a 7-day notice to cure in January of 2017. Moreover, Plaintiffs sole source of "retaliation" appears to be the Statutory Thirty (30) Day Notice to Vacate attached to Plaintiff's Complaint (the "Notice to Vacate"). The Notice to Vacate was sent to Plaintiffs by the landlord and contracting party, Park Place. Sun Communities did not send the Notice to Vacate because Sun Communities was not the landlord that leased the lot to Plaintiffs, and is not in privity with the Plaintiffs. Count III should be dismissed because Florida law does not provide for eviction of an animal, because Mr. & Mrs. Friedel were given an opportunity to remove Maggie, because there is no privity between Plaintiffs and Sun Communities, and because the Notice to Vacate upon which the "retaliation" is based was not issued by Sun Communities.

Count IV of Plaintiff's Complaint alleges a cause of action for Breach of the Covenant of Good Faith and Fair Dealing.  To reiterate, there is no privity of contract between Plaintiffs and Sun Communities.  Because there is no contract between Plaintiffs and Sun Communities, there is no implied covenant of good faith and fair dealing applicable to Sun Communities.  Moreover, Plaintiffs fail to indicate a specific provision of the lease that was breached by Sun Communities.  In order for the covenant of good faith and fair dealing to apply, Plaintiffs would have to allege that an express term of the contract was breached.  Count IV must be dismissed because there is no contract involving Sun Communities and there are no allegations regarding the specific provision breached.

### **FAILURE TO JOIN INDISPENSIBLE PARTY**

Pursuant to Rule 12(b)(7), this Court should dismiss the Complaint for failure to include an indispensable party.  Specifically, Plaintiffs have failed to include Park Place in their Complaint.  Rule 19(a) of the Federal Rules of Civil Procedure states that:

> [A] person who is subject to service of process and whose joinder would not deprive the court of subject-matter jurisdiction *must* be joined as a party if . . . that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) *as a practical matter impair or impede the person's ability to protect the interest*; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. [emphasis added]

In this case, Plaintiffs claim that Sun Communities discriminated against them by making a dwelling unavailable and by failing to provide a reasonable accommodation.  In support of their claims, the Plaintiffs attach multiple exhibits to the Complaint.  Exhibit C to the Complaint is the letter terminating Plaintiffs' tenancy at Park Place.  The letter is sent on behalf of Park Place and not Sun Communities because the landlord/tenant relationship is between Park Place

and Plaintiffs. Exhibit D to the Complaint is a lease agreement between Park Place and Plaintiffs. Sun Communities is not a party to the lease agreement.

Based on the lease termination letter and the lease agreement, Park Place clearly has an interest in the subject matter of this action. If Park Place's interest in the subject matter of this Complaint is in doubt, this Court need only take judicial notice of the Prior Litigation, wherein George Friedel's counsel filed a Motion to Amend the Complaint to include the very claims it now attempts to bring in this case. [Doc. 75, Prior Litigation]. The Prior Litigation was between George Friedel and Park Place, and Sun Communities was not made a defendant in the Prior Litigation.

Park Place is subject to service of process, and its joinder to the action would not deprive this Court of subject matter jurisdiction. In fact, this Court has already heard this matter in the form of the Prior Litigation. To hear this case without giving Park Place an opportunity to present defenses or be heard would deprive it of a defense in future litigation. If Plaintiffs were to prevail, the Plaintiffs could then turn around and make the very same claims against Park Place again. Plaintiffs would rely on the findings and results of this case, thereby preventing Park Place from asserting any defenses that it might have. Additionally, the failure to include Park Place could result in the very same facts being litigated again in another case between Plaintiffs and Park Place, which would not be in the interest of judicial economy.

This Court should also consider the likely reason that Plaintiffs chose to file this lawsuit against Sun Communities instead of Park Place: *res judicata*. This matter was previously litigated between George Friedel and Park Place. The jury in the Prior Litigation stated that the Plaintiffs' dog ". . . posed a direct threat to the health or safety of other individuals or that [Plaintiffs' dog] remaining in park Place Community would have resulted in substantial physical

4

damage to the property of others, and that no reasonable accommodation would have eliminated or acceptably minimized the risk [Plaintiffs' dog] posed to other residents." [Doc. 103, Prior Litigation]. This Court may take judicial notice of adjudicative facts, including the Jury Verdict Form, pursuant to Fed. R. Civ. P. 201.

Plaintiffs are aware that *res judicata* will bar a subsequent suit when "(1) a court of competent jurisdiction (2) has rendered a final judgment on the merits (3) in a prior action between **identical parties** (or their privies) (4) involving the same causes of action." *Tuitama v. Bank of America, N.A.*, 552 Fed. Appx. 881, 882 (11th Cir. 2014) (emphasis added). Plaintiffs are likely attempting to avoid *res judicata* by cleverly filing the lawsuit against Sun Communities instead of Park Place. For the foregoing reasons this Court should apply Rule 19 of the Federal Rules of Civil Procedure and require that Plaintiffs' Complaint be dismissed with leave to amend, and order that any such amendment list Park Place as Defendant, not Sun Communities.

## COUNT III – ILLEGAL RETALIATION

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss a complaint when the plaintiff can prove no set of facts that would entitle it to relief. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992). Count III of Plaintiffs' Complaint should be dismissed because it is legally insufficient and fails to state a claim upon which relief could be granted.

Count III of Plaintiffs' Complaint alleges a cause of action for Illegal Retaliation pursuant to 42 U.S.C. §3617 (2019). Plaintiffs' sole allegation of retaliation is that Sun "was no longer content with Maggie's removal and evicted not just Maggie, but also evicted George Friedel and Kathleen Friedel from the home they owned." Plaintiffs attempt to claim that Maggie, an

5

animal, is somehow a proper party to an eviction action. Moreover, Plaintiffs conveniently ignore §723.061(1)(c)(2) of the Florida Statutes, which states that a landlord must provide a tenant with seven (7) days' notice and opportunity to cure his/her violation of a rule before terminating a tenant's lease. If the tenant continues to violate the same rule or regulation after the 7-day period, the tenant's lease is subject to termination. *See* §723.061(1)(c)(2) Fla. Stat. (2019). Attached as Exhibit C to Plaintiff's Complaint in the Prior Litigation is a 7-day notice to cure requesting that Mr. & Mrs. Friedel remove Maggie from the property. When a jury determined that Maggie was a direct threat and "no reasonable accommodation would have eliminated or acceptably minimized the risk [Plaintiffs' dog] posed to other residents," Park Place had no choice but to send Mr. & Mrs. Friedel a notice advising them that their lease was terminated. Because it is not legally possible to evict a dog, and because Mr. & Mrs. Friedel were given an opportunity to remove Maggie, Count III should be dismissed.

## COUNT IV – BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court should dismiss a complaint when the plaintiff can prove no set of facts that would entitle it to relief. *See Linder v. Portocarrero*, 963 F.2d 332, 334 (11th Cir. 1992). Count IV of Plaintiffs' Complaint should be dismissed because it is legally insufficient and fails to state a claim upon which relief could be granted.

Florida recognizes the concept that there is an implied covenant of good faith and fair dealing in every contract. *Insurance Concepts and Design, Inc. v. Healthplan Services, Inc.*, 785 So. 2d 1232, 1234 (Fla. 4th DCA 2001) *citing Burger King Corp. v. Weaver*, 169 F.3d 1310, 1315 (11th Cir. 1999); *Barnes v. Burger King Corp.*, 932 F.Supp. 1420, 1438 (S.D. Fla. 1996); *County of Brevard v. Miorelli Eng'g, Inc.*, 703 So. 2d 1049, 1050 (Fla. 1997). However, there

are restrictions on causes of action for breach of the implied covenant of good faith and fair dealing. One of those restrictions is that "the implied covenant of good faith and fair dealing cannot be maintained under Florida law absent an allegation that an express term of the contract has been breached." *Insurance Concepts and Design, Inc. v. Healthplan Services, Inc.*, 785 So. 2d 1232, 1234 (Fla. 4th DCA 2001).

Plaintiffs' Complaint states that "Florida law implies a covenant of good faith and fair dealing in all contractual relationships." (Complaint, ¶70). Plaintiffs go on to state that "[o]n November 17, 2015 George Friedel and Kathleen Friedel entered contract with Park Place Community LLC whereby Park Place leased a lot to George Friedel and Kathleen Friedel for the sum of $757.00 per month." (Complaint, ¶71). However, Plaintiffs fail to identify any specific provision in the lease agreement that could have been breached. Because there is no allegation that the lease agreement was breached, Count IV should be dismissed.

Additionally, in order for the covenant of good faith and fair dealing to apply, there must be a contract between the parties. The covenant of good faith and fair dealing "is intended to protect 'the reasonable expectations of the contracting parties in light of their express agreement'." *Id* at 1234. Here, there is no agreement between Sun Communities and Plaintiffs. The Plaintiffs' own allegation in Paragraph 70 states that any agreement was between Park Place and Plaintiffs. Moreover, the lease agreement attached to Plaintiffs' Complaint is between Park Place and Plaintiffs. Because there is no contract between Plaintiffs and Sun, there is no set of facts that could possibly lead to Sun breaching the contract nor violating the covenant of good faith and fair dealing. For the foregoing reasons, Count IV should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, Defendant Sun Communities respectfully requests that this Court dismiss Plaintiffs' Complaint and grant any further and additional relief this Court deems just and appropriate, including attorneys' fees and costs to the extent they are awardable.

Dated: **January 10, 2020**    Respectfully submitted,

ATLAS LAW

/s/ Brian C. Chase
Brian C. Chase, Esq.
Florida Bar No. 0017520
3902 N. Marguerite Street
Tampa, Florida 33603
T: 813.241.8269
F: 813.840.3773
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 10th day of January, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Brian C. Chase
Brian C. Chase, Esq.
Florida Bar No. 17520

## SERVICE LIST

| | |
|---|---|
| MARCY I. LAHART, ESQ. | DENESE VENZA |
| Marcy I. LaHart, P.A. | Venza Law LLC |
| 207 SE Tuscawulla Road | 931 Village Boulevard |
| Micanopy, Florida 32667 | West Palm Beach, Florida 33409 |
| VIA CM/ECF | VIA CM/ECF |

8