UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-14394-ROSENBERG/MAYNARD

GEORGE FRIEDEL &
KATHERINE FRIEDEL,

        Plaintiffs,

v.

SUN COMMUNITIES, INC.,
        Defendant.
_____/

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT**

NOW COME Plaintiffs, through undersigned counsel and pursuant to Fed. Rules Civ. P. 8(a)(2), 12(b)(6), 19, and file their Response in Opposition to Defendant's Motion to Dismiss Plaintiffs' Complaint [DE 14] ("Motion to Dismiss"). In support, Plaintiffs state:

- **Failure to Join Indispensable Party [for Illegal Retaliation Claim] (All Counts).**

The relevant inquiry is whether the claimed "indispensable party," (in this instance, Park Place) has an interest that is related to the subject of this action or would be impaired or impeded if the case continues in its absence. The Defendant doesn't actually identify an interest of Park Place that is purportedly involved nor an actual impairment or impediment; Defendant merely makes bald, conclusory statements which do not substantiate "indispensability."

- **Rule 12(b)(6) Failure to State [an Illegal Retaliation] Claim (Count III).**

Plaintiffs clearly pled that Defendant evicted them, and not just their dog. Plaintiffs also clearly pled that such eviction was in retaliation for their having exercised their Fair Housing rights. Defendant's argument that they failed to properly state a claim is specious.

- **Rule 12(b)(6) Failure to State [a] Claim of Breach of Covenant of Good Faith and Fair Dealing (Count IV).**

This is a discrimination case brought under the FHA. In the Eleventh Circuit, FHA cases are viewed as different thus meriting a more lenient level of pleading scrutiny. See *Hunt v Aimco Properties, L.P.*, 814 F.3d 1213, 1222 (11th Cir. 2016).

## I.     PERTINENT FACTS AND BACKGROUND

Husband and wife Plaintiffs rented a lot for their manufactured home in a community governed by the Defendant's housing rules and policies. Defendant refused to accommodate the husband's disability-related need for his emotional support animal and then evicted the Plaintiffs when he failed to remove the animal, retaliating against the Plaintiffs and denying them an equal opportunity to use and enjoy their dwelling. Having been called to task for its violation of FHA law, Defendant now seeks to avoid liability under, *inter alia,* Rule 19. Plaintiffs ask the Court to evaluate from a global perspective and see through Defendant's hide-the-shell tactics.

## II.     RULE 19 LEGAL STANDARD
## AND ITS APPLICATION TO THE CASE AT BAR

**A. EVEN IF PARK PLACE WERE TO BE CONSTRUED AS A "REQUIRED" OR "NECESSARY" PARTY, THAT DOES NOT RISE TO THE LEVEL OF "INDISPENSABLE" UNDER EITHER THE 11TH CIRCUIT'S OR THIS DISTRICT'S "INDISPENSABLE" PARTY ANALYSIS. PARK PLACE'S JOINDER IS NOT MANDATED.**

The Eleventh Circuit employs a two-step approach when analyzing a motion to dismiss grounded in allegations that a required party under Rule 19 was not included. First, the court must ascertain under the standards of Rule 19(a) whether the [party] in question is one who should be joined if feasible. If the person should be joined but cannot (because, for example, joinder would divest the court of jurisdiction) then the court must inquire whether, applying the factors enumerated in Rule 19(b), the litigation may continue. *Focus on Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1279-80 (11th Cir. 2003) (quoting *Challenge Homes, Inc. v. Greater Naples Care Ctr., Inc.,* 669 F.2d 667, 669-71 (11th Cir. 1982)).

Utilizing the Eleventh Circuit's guidance, this District has previously and succinctly summarized the proper Rule 19(a) analysis:

> The first part of the [Rule 19(a)] test might be more clearly understood as involving two questions: whether the non-party should be joined and whether joinder is feasible. Where both a nonparty should be joined and joinder is feasible, the nonparty is "required" or "necessary" but not necessarily "indispensable." If so, then pursuant to Rule 19(a)(2), the Court must order that the person be made a party, rather than dismiss. Thus, dismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party.

*Mid-Continent Cas. Co. v. Basdeo*, No. 08-61473-CIV, 2009 WL 2450386 at *2-3 (S.D. Fla. Aug. 7, 2009) (internal citations omitted). Accordingly, this Court must first determine whether a judgment without Park Place can provide the present parties with complete relief.  See, e.g., *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1345 (11th Cir. 2011). This inquiry turns on whether Park Place has an interest relating to the subject of the action. See *Barow v. OM Fin. Life Ins. Co.*, No. 8:11-cv-00159-T-33TBM, 2011 WL 2649987, at *2-3 (M.D. Fla. July 6, 2011); Basdeo, 2009 WL 2450386, at *3.  Plaintiffs contend it does not.

Defendant claims that complete relief cannot be granted without Park Place, L.L.C. ("Park Place") because Park Place "has an interest in the subject matter of this litigation." Motion to Dismiss at 4. The relevant inquiry is whether Park Place has an interest that is related to the subject of this action or that would be impaired or impeded if the case continues in its absence. The Defendant doesn't actually identify an interest of Park Place that is purportedly involved; Defendant merely asserts that "[b]ased on the lease termination letter and the lease agreement, Park Place clearly has an interest in the subject matter of this action." Motion to Dismiss at 4.

Park Place is but a "straw man" shell company for Defendant Sun Communities, Inc. ("Sun Communities"). The housing community Rules where the Plaintiffs lived -- the basis of their eviction -- were promulgated and controlled by Sun Communities. See Amended Complaint and Demand for Jury Trial [DE 5] ("Complaint") at 7 ¶30; Deposition Patty Jamar at 6:1-7; 6:24-

7:3, 23:11-20; 24:13-14, and Exhibit 5, excerpt marked and attached collectively as "Exhibit 1." (Sun Communities' Housing Community Rules attached as Exhibit 5 to Jamar Deposition are hereafter referred to as "Rules.") Moreover, Park Place's Corporate Representative (who was employed by Sun Communities) testified that not only does Sun Communities own Park Place (as well as ten other communities in Florida), but that Sun Communities makes the policies for Park Place. Deposition Megan Bunting at 9:1-5, 9:16-10:2, 25:14-21, excerpt marked and attached collectively as "Exhibit 2."

When Corporate Representative Bunting was specifically asked if she was "familiar with *Park Place's* service and assistance animal policy," she replied, inserting on her own the company name change: "I am familiar with *Sun's* policy, yes." *Id.* She further testified that "Park Place's policy would be the same as Sun's Policy…" *Id.* See also Complaint at Exhibits 5-2 and 5-2 (letter from Sun Communities' counsel responding to Plaintiffs' counsel's plea for exemption from Sun Communities' housing Rules).

Sun Communities owns and operates Park Place and manipulates corporate structuring precisely for the scenario executed against the Plaintiffs. See, generally, Bunting Depo., Exhibit 2. Park Place executes actions as dictated by Sun Communities, but when called on the proverbial [litigation] carpet for those actions pleads "…just following Sun Communities' orders." See Jamar Depo. and Bunting Depo., Exhibits 1 and 2. In clever counterpart, when Sun Communities is called to task for its actions, Sun Communities endeavors to hide behind the shield of "*wasn't me*." As business filings evidence, Sun Communities **IS** the correct and proper Defendant. See 2019 Foreign Profit Corporation Annual Report for Sun Communities, Inc. identifying both its "Principal Place of Business" and "Current Mailing Address" as "2777 Franklin Road, Suite 200, Southfield, MI 48034," and its "Name and Address of Current

Registered Agent" as: "NRAI SERVICES, INC.1200 South Pine Island Road, Plantation, FL 33324" and compare to 2019 Foreign Profit Corporation Annual Report for Park Place, L.L.C. which bears the identical information (Annual Reports are marked and attached as Exhibit 3 and Exhibit 4, respectively.) Furthermore, each entity identifies its "Authorized Person" and "Officer/Director" (respectively) with the same "2777 Franklin Road, Suite 200, Southfield, MI 48034" address.

Based upon the corporate shell-game set-up, Sun Communities endeavors to win protection twofold: (1) liability of Park Place can be argued as independent of Sun Communities; and (2) Park Place can claim it has no decision-making authority and thus had no authority regarding Plaintiffs' eviction, immunizing Sun Communities from the type of claims which are the gravamen of the Complaint at issue. See Complaint.

The second part of Rule 19(a) focuses on possible prejudice either to the absent party or the present litigants. Fed. R. Civ. P. 19(a)(2). Here, the Court must consider whether any recovery in the instant case is premised on a finding that would jeopardize the missing party's interest or subject any party to multiple or inconsistent obligations. See *Barow v. OM Fin. Life Ins. Co.,* 2011 WL 2649987 (M.D. Fla. July 6, 2011). However, "[t]he burden is on the party raising the defense to show that the person who was not joined is needed for a just adjudication." Barow, at *1-2 (M.D. Fla. July 6, 2011) (citing *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005)). In this case, the Defendant argues that *Park Place* is prejudiced by Park Place's absence because it [Park Place] will be subject to a lawsuit previously filed against it[1] -- not that *Sun Communities* is prejudiced by Park Place's absence.[2] Critical to the case now

---

[1] Plaintiffs dispute that this is accurate. For the reasons discussed *infra*, claims of *res judicata* are unfounded.

10 | P a g e

in litigation is that the predecessor case to which Defendant refers and relies involved only those claims, and thus adjudication of those claims, that occurred prior to an October 2017 trial. Inasmuch as the Plaintiffs had not yet been evicted before that trial, their eviction was not and could not have been a part of the other litigation. *Res judicata* simply does not apply.

However, in essence, Defendant is acknowledging that it was aware of the prior litigation (a fact evidenced by Exhibit 2 to the Complaint [DE 5-2], i.e., letter by current counsel representing Sun Communities in the instant litigation's letter was written on behalf of and as counsel of Park Place), but did not identify any interest in the prior litigation. Thus, the prior action against Park Place must be deemed as a separate matter.

Sun Communities can't have it both ways. It either needed to seek joinder in the prior litigation as an indispensable party – which it did not – else acknowledge it is involved in a separate matter involving separate parties and claims.

There is a general reluctance of courts to join a non-party for purposes of protecting a non-party's interest when the non-party itself has not claimed an interest in the outcome. See HDR Eng'g, Inc. v. R.C.T. Eng'g., Inc., No. 08-81040-CIV, 2010 WL 2402908, at *2-4 (S.D. Fla. June 15, 2010) (citing *School Dist. Of City of Pontiac v. Sec. of U.S. Dept. of Educ.*, 584, F.3d 253, 266 (6th Cir. 2009); *United States v. San Juan Bay Marina*, 239 F.3d 400, 406-07 (1st Cir. 2001); *United States v. Bowen*, 172, F.3d 682, 689 (9th Cir. 1999)). These cases reinforce the policy that the plaintiff is the master of its own claim.

Two courts in the Southern District of Florida have declined to require the joinder of an absent party with no rights or obligations under a contract even if it is a party to a separate

---

[2] Once again demonstrating Sun Communities' convenient interchange of the company purportedly involved to suit its protection needs *du jour*.

10 | P a g e

contract with the parties at issue. See *Raimbeault v. Accurate Mach. & Tool, LLC*, 302 F.R.D. 675, 684-86 (S.D. Fla. 2014)(finding joinder not required because the absent party had no rights or obligations under the contract even though it may be impacted by the pending action because of a second contract to which it was a party, but that was not at issue); *Jet Pay, LLC v. RJD Stores*, LLC, No. 11-60722-CIV, 2011 WL 2708650, at *7-9 (S.D. Fla. July 12, 2011) (finding an absent party to the contract at issue was not required because the parties were not actually joint obligors, as named in the contract, but rather were each a party to a separate contract with the plaintiff involving distinct obligations).

Finally, Plaintiffs seek only money damages. Where only money damages are sought, a court can grant complete relief despite an absent party because "money is fungible; the recipient cares not from whence it came." *United States v. Townhomes of Kings Lake HOA, Inc.*, No. 8:12-cv-2298-T-33TGW, 2013 WL 807152, at *4 (M.D. Fla. March 5, 2013) (quoting *Molinos Valle Del Cibao, C. Por A. v. Lama*, 633 F.3d 1330, 1345 (11th Cir. 2011). Accordingly, under any analysis, complete relief can be granted without joining Park Place.

In short, the pleadings before the Court do not demonstrate that Park Place has any real interest in the claims against Sun Communities that pose a risk of inconsistent obligations for Park Place. Thus, Defendant Sun Communities has not demonstrated that Park Place should be joined or that the failure to join Park Place prejudices any remaining parties.

The Court does not need to reach the 19(b) analysis because Park Place is not required to be joined under 19(a).

### III. RULE 12(b)(6) LEGAL STANDARD AND ITS APPLICATION TO THE CASE AT BAR

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme

Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citation and alteration omitted).

### A. ALL FACTUAL ALLEGATIONS IN THE COMPLAINT MUST BE ACCEPTED AS TRUE AND MUST BE CONSTRUED IN THE LIGHT MOST FAVORABLE TO PLAINTIFF.

The Court must accept all of the plaintiff's factual allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Carpenter v Syndicated Office Systems*, LLC, 319 F.Supp. 1272, 1273-74 (S.D. Fla. 2018). It must also construe those factual allegations in the light most favorable to the plaintiff. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotations omitted).

### B. THE COMPLAINT HAS FACIAL PLAUSIBILITY; THE ALLEGATIONS "POSSESS ENOUGH HEFT" TO SUGGEST PLAUSIBLE ENTITLEMENT TO RELIEF THUS DEFEATING DISMISSAL.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (internal quotation marks omitted). Thus "only a complaint that states a plausible claim for relief survives a motion

to dismiss." *Id.* at 679, 129 S.Ct. 1937; *Carpenter v Syndicated Office Systems, LLC*, 319 F.Supp. 1272, 1273-74 (S.D. Fla. 2018).

Significantly, the plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Thus, a pleading that offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive dismissal. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (internal citation and alteration omitted). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

Yet, where the allegations "possess enough heft" to suggest a plausible entitlement to relief, the case may proceed. See *Twombly*, 550 U.S. at 557; *Rovt v. Big Al's Gun and Pawn*, Inc. (Case No. 18-cv-60880) (S.D. Fla., Judge Scola) (January 9, 2019). "[T]he standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' of the required element." *Rivell v. Private Health Care Sys., Inc.*, 520 F.3d 1308, 1309-10 (11th Cir. 2008); id. "And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly,* 550 U.S. at 556; *Rovt v. Big Al's Gun and Pawn, Inc*. (Case No. 18-cv-60880) (S.D. Fla., Judge Scola) (January 9, 2019).

### C. BECAUSE FHA CASES ARE UNIQUE, THE 11th CIRCUIT HAS HELD THAT ALLEGATIONS IN A DISCRIMINATION COMPLAINT SHOULD BE JUDGED BY THE STATUTORY ELEMENTS OF AN FHA CLAIM, RATHER THAN THE STRUCTURE OF A PRIMA FACIE CASE.

FHA cases are different and merit a more lenient level of pleading scrutiny. The Eleventh Circuit Court, when confronting a Rule 12(b)(6) Motion to Dismiss a housing discrimination claim, stated:

> We have never expressly set forth the elements of a section 3604(f)(1) claim. At the pleading stage, the relevant question is whether the complaint provides a 'short and plain statement of the claim' that 'give[s] the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.' *Swierkiewicz v Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Conley v Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In a discrimination case, '[b]efore discovery has unearthed relevant facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case.' *Id*. Thus, the allegations in the complaint 'should be judged by the statutory elements of an FHA claim rather than the structure of the prima facie case.'

[Further internal citations omitted.] *Hunt v Aimco Properties, L.P.*, 814 F.3d 1213, 1222 (11th Cir. 2016) (emphasis added). The Court further determined that, in the FHA context, the "complaint must allege that the adverse action was taken because of a disability and state the facts on which the plaintiff relies to support that claim." *Id.* at 1221 (emphasis in original).

The Complaint *sub judice* ably meets this requirement. It clearly states it "is a civil action brought pursuant to the Fair Housing Act (hereinafter "FHA"), 42 U.S.C. § 3601, for damages and injuries stemming from [Defendant] SUN COMMUNITIES INC.'s illegal eviction of [the Plaintiffs]." Complaint at 1-2, ¶1. It further states that the Defendant violated the FHA by "[1] making the dwelling unavailable on account of [Plaintiff] GEORGE FRIEDEL'S disability, [2] refusing to make reasonable accommodations to its rules, polices, practices, and/or services when such an accommodation was necessary to afford GEORGE FRIEDEL an equal opportunity to use and enjoy his dwelling, [3] evicting [the Plaintiffs] in retaliation for trying to protect their rights under the FHA and [4] breaching the implied covenant of good faith and fair dealing." *Id.* It continues with specific, well-articulated facts explaining the Defendant's discriminatory

actions. See *id.* at 2, ¶¶ 4, *et seq.* In short, the statutory elements of an FHA claim have been sufficiently pled.

Applying the Eleventh Circuit Court's formulaic review instructions to the Complaint dictates denial of the Defendant's Motion to Dismiss. Applying the more general scrutiny guidelines established by *Twombly* and *Iqbal* jurisprudence also does.

> D. **PLAINTIFFS CLEARLY PLED IN COUNT III THAT PLAINTIFFS, AND NOT JUST GEORGE FRIEDEL'S EMOTIONAL SUPPORT ANIMAL, WERE EVICTED. PLAINTIFFS ALSO CLEARLY PLED THAT THIS EVICTION WAS AT THE HANDS OF DEFENDANT SUN COMMUNITIES. THE ARGUMENTS FOR DISMISSAL OF COUNT III ARE SPECIOUS.**

Defendant misrepresents the Complaint when it states: "Plaintiffs attempt to claim that Maggie, an animal, is somehow a proper party to an eviction action." Motion to Dismiss at 7-8. As the Complaint clearly evidences, Plaintiffs pled that Plaintiffs, and not just Plaintiff George Friedel's emotional support dog, were evicted and that the eviction was at the hands of Defendant Sun Communities – not Park Place. Defendant's "failure to state a claim" contentions as to Count III are baseless.

> E. **SUN COMMUNITIES' CONTRACTUALLY INTERFERED WITH PLAINTIFFS' CONTRACT BEARING PARK PLACE'S NAME.**

Defendant contends "[b]ecause there is no contract between Plaintiffs and Sun, there is no set of facts that could possibly lead to Sun breaching the contract nor violating the covenant of good faith and fair dealing." Motion to Dismiss at 7. However, Plaintiffs did not plead "breach of contract" against Sun Communities; Plaintiffs pled that Sun Communities "unfairly interfered" with the contract bearing Park Place's name, did not comport itself with the Plaintiffs' "reasonable expectations" under the contract bearing Park Place's name, and that Plaintiffs were "harmed" by Sun Communities' conduct. Complaint at 12, ¶¶ 74, 75, and 76.

Under Florida law, a covenant of good faith and fair dealing is implied in every contract. *Centurion Air Cargo, Inc. v. United Parcel Serv. Co.,* 420 F.3d 1146, 1151 (11th Cir.2005) (citing *Cox v. CSX Intermodal, Inc.,* 732 So.2d 1092, 1097 (Fla. 1st DCA 1999)). It is "designed to protect the parties' reasonable contractual expectations." *Id.* Since the covenant is an implied one, it must "attach[ ] to the performance of a specific or express contractual provision." *Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 896 So.2d 787, 792 (Fla. 2d DCA 2005). Thus "a claim for breach of the implied covenant of good faith and fair dealing cannot be maintained under Florida law absent an allegation that an express term of the contract has been breached." *Ins. Concepts & Design, Inc. v. Healthplan Servs., Inc.*, 785 So.2d 1232, 1234 (Fla. 4th DCA 2001) (per curiam); see *Snow*, 896 So.2d at 792 (explaining that "the duty of good faith performance does not exist until a plaintiff can establish a term of the contract the other party was obligated to perform and did not"). This rule exists because "[a]llowing a claim for breach of the implied covenant of good faith and fair dealing where no enforceable executory contractual obligation remains would add an obligation to the contract that was not negotiated by the parties." *Ins. Concepts & Design*, 785 So.2d at 1235.

However, a party accused of contractual interference need not be a party to the contract. One only need: "(1) the existence of a business relationship, not necessarily evidenced by an enforceable contract, under which the plaintiff has legal rights; (2) the defendant's knowledge of the relationship; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the interference." *Salit v. Ruden, McClosky, Smith, Schuster & Russell, P.A.*, 742 So.2d 381 (Fla. 4th DCA 1999).

Accordingly, Plaintiffs concede that as currently pled, there are no facts which could lead to Sun Communities' breach of the covenant of good faith and fair dealing. However, Plaintiffs

ask the Court to construe Count IV as a claim for Sun Communities' "tortuous interference with contract" else grant Plaintiff's leave to amend to assert such claim.

## IV. CONCLUSION

The Court must accept all of the Plaintiffs' factual allegations as true in determining whether they have stated a claim for which relief could be granted, and it must construe those factual allegations in the light most favorable to them. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Carpenter v Syndicated Office Systems, LLC*, 319 F.Supp. 1272, 1273-74 (S. D. Fla. 2018)(J. Marra); *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). That legal precept alone dictates unfettered denial of Sun Communities' Motion to Dismiss [DE 14] as to Counts I, II, and III. Equity dictates amendment of Count IV.

Respectfully submitted,

| | |
|---|---|
| MARCY I. LAHART, P.A. | VENZA LAW, PLLC |
| *s/ Marcy LaHart* | *s/ Denese Venza* |
| Marcy I. LaHart, Esq. | Denese Venza, Esq. |
| 207 SE Tuscawilla Road | 931 Village Boulevard, #905-322 |
| Micanopy, FL 32667 | West Palm Beach, FL 33409 |
| (352) 545-7001 | (561) 596-6329 |
| marcy@floridaanimallawyer.com | dvenza@venzalawpllc.com |
| Florida Bar No. 0967009 | Florida Bar No. 0599220 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of January, 2020 a true and correct copy of the foregoing PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT has been furnished via CM/ECF electronic mail service to the Clerk of the Court. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

BY: *s/ Denese Venza*
Denese Venza, Esq.