Page 1

```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA
         CASE NO.:  2:17-CV-14056-ROSENBERG/LYNCH
```

GEORGE FRIEDEL,

    PLAINTIFF,

vs.

PARK PLACE COMMUNITY, LLC,

    DEFENDANT.

_____

             ==DEPOSITION OF MEGAN BUNTING==

| | |
|---|---|
| DATE: | JUNE 13, 2017 |
| TIME: | 11:16 A.M. - 11:50 A.M. |
| PLACE: | PARK PLACE<br>1001 WEST LAKEVIEW DRIVE<br>SEBASTIAN, FLORIDA 32958 |
| TAKEN BY: | PLAINTIFF |
| REPORTER: | STACEY BARKLEY, COURT REPORTER,<br>NOTARY PUBLIC OF THE STATE OF<br>FLORIDA AT LARGE |

APPEARANCES:

FOR PLAINTIFF:  MARCY I. LAHART, P.A.
                 4804 SW 45TH STREET
                 GAINESVILLE, FLORIDA 32608
                 BY: MARCY I. LAHART, ESQUIRE

FOR DEFENDANT:  ATLAS LAW
                 1701 NORTH 20TH STREET, SUITE B
                 TAMPA, FLORIDA 33605
                 BY: BRIAN C. CHASE, ESQUIRE

ALSO PRESENT:   GEORGE AND KATHLEEN FRIEDEL

```
 1   AND THEREUPON,
 2                    MEGAN BUNTING,
 3   called as a witness on behalf of the Plaintiff herein,
 4   after having been first duly sworn, was examined and
 5   testified as follows:
 6             THE WITNESS:   I do.
 7                    DIRECT EXAMINATION
 8   BY MS. LaHART:
 9        Q.   Could you please state your name for the
10   record?
11        A.   Megan Diane Bunting.
12        Q.   Ms. Bunting, have you ever given a deposition
13   before?
14        A.   Yes, ma'am.
15        Q.   Recently?
16        A.   Within five years.
17        Q.   You just sat through Ms. Jamar's and observed
18   Ms. Jamar's deposition.  So I'm going to assume you know
19   what you're doing and I'm not going to repeat my
20   instructions.
21        A.   Thank you.
22        Q.   You're welcome.  You understand that you are
23   here today to testify on behalf of Park Place, LLC?
24        A.   Yes.
25        Q.   You understand that your answers will be based,
```

Page 9

```
 1       A.    I've worked for Sun Communities since June 11
 2   of 2016, I'm sorry, April 11 of 2016.
 3       Q.    So a little more than a year?
 4       A.    Yes, ma'am.  And I've been with Park Place
 5   since June 9-ish of 2016.
 6       Q.    Almost exactly a year?
 7       A.    It wasn't my region to begin with when I
 8   started with Sun.
 9       Q.    Is this the only community owned, this meaning
10   the place that we are today right now today, the only
11   community owned by Park Place, LLC?
12       A.    The only home owned by Park Place?
13       Q.    No, the only community.  Does Park Place, LLC
14   own any other communities other than this one?
15       A.    Not to my knowledge.
16       Q.    Sun Communities owns Park Place?
17       A.    Right.
18       Q.    As well as the other ten communities?
19       A.    They are the parent company for the other
20   communities in my portfolio.
21       Q.    Tell me what you mean by parent company.
22       A.    They own the company.  I don't know how to
23   describe it.
24       Q.    Fair enough.  Does Sun Communities make the
25   policies for Park Place, as well as the other communities
```

```
 1    that you oversee?
 2         A.    Yes.
 3         Q.    Who do you report to?
 4         A.    Sheri Woodworth.
 5         Q.    Where does she work?
 6         A.    She's the divisional vice-president.  She works
 7    out of Oviedo.  She's a Michigan employee, as am I.
 8         Q.    You stated that you live in Deltona.  Does Sun
 9    Communities have an office there?  Do you work out of
10    your house?
11         A.    I work out of my home.
12         Q.    I'm going to start by going through the
13    affirmative defenses that were filed in this case.
14               MS. LaHART:  Mr. Chase, it looks like I owe you
15         an apology.  It says Plaintiff's dog routinely
16         attacked other dogs at the park.  I was the one who
17         inserted dog park.  My bad.
18               MR. CHASE:  I'll take what I can get.
19               THE WITNESS:  We don't call it a park.
20    BY MS. LaHART:
21         Q.    What do you call it?
22         A.    A community.
23         Q.    I like that.  This says that Plaintiff's
24    request that Defendant reconsider its decision to have
25    Plaintiff's dog removed from the park is unreasonable.
```

```
 1        Q.   Based on -- you stated you have or have not
 2   seen this letter before?
 3        A.   I can't recall.
 4        Q.   Would having seen this letter make you make
 5   Park Place reconsider its decision to have Maggie
 6   removed?
 7        A.   No.
 8        Q.   Why not?
 9        A.   Let me take that back and restate, I wouldn't
10   make that decision.
11        Q.   You are here testifying on behalf of Park
12   Place.  Would it make Park Place reconsider its decision?
13        A.   I cannot answer that.
14        Q.   ==Are you familiar with Park Place's service and
15   assistance animal policy?==
16        A.   ==I am familiar with Sun's policy, yes.==
17        Q.   ==Is Sun's policy also Park Place's policy?==
18        A.   ==Park Place's policy would be Sun's policy, yes.==
19        Q.   ==So the same policy would apply to all the
20   properties that you oversee?==
21        A.   ==Depending on the state, I believe, yes.==
22        Q.   Do you oversee any properties --
23        A.   No.
24        Q.   -- in any other states?
25        A.   No, in Florida.  That's why I can't answer on
```