# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 19-CV-14394-ROSENBERG

GEORGE FRIEDEL & KATHLEEN FRIEDEL,

    Plaintiffs,

v.

SUN COMMUNITIES, INC.,

    Defendant.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS

This case marks the second time that Plaintiffs have engaged in litigation pertaining to their dog, Maggie. In their first case, styled as *Friedel v. Park Place Community, LLC*, ("*Friedel I*,")[1] the Plaintiffs alleged that Maggie was a comfort assistance animal, that a Plaintiff was disabled via depression, and that Maggie was necessary to assist with the depression. Plaintiffs alleged that they had been threatened with eviction over Maggie—wrongfully—and that the Defendant in that case, Park Place, should be held liable for the threatened eviction. *Friedel I* proceeded to a trial by jury. The jury found that Maggie was a dangerous animal that threatened the safety of Plaintiffs' neighbors and, as a result, the jury concluded that Plaintiffs' eviction was lawful. Plaintiffs filed a motion for new trial, which the Court denied. Plaintiffs appealed the jury verdict, the Court's rulings at trial, the Court's pretrial rulings, and the Court's denial of the motion for new trial. The Eleventh Circuit affirmed. After the affirmance, Plaintiffs filed the lawsuit before the Court, *Friedel II*.

---

1 Case 17-CV-14056.

*Friedel II* concerns the same dog, the same Plaintiffs, the same eviction, and it is filed by the same counsel. Yet, Plaintiffs' Amended Complaint does not cite *Friedel I* in any way. Plaintiffs make no mention of the jury trial or the jury verdict in *Friedel I*. Nor do Plaintiffs reference the jury finding that their dog was a dangerous animal. Instead, Plaintiffs make virtually identical allegations (again contending a wrongful eviction) against a new Defendant—Sun Communities.

Sun Communities, the Defendant in this case, is the parent company of the Defendant in *Friedel I*, Park Place. Plaintiffs sued Park Place in *Friedel I* because Park Place was the company that appeared on Plaintiffs' rental agreement. Park Place also appeared on the eviction notice in *Friedel I*.[2] Defendant Sun Communities argues in the Motion to Dismiss before the Court that this case should be dismissed because Plaintiffs failed to name Park Place as a Defendant in an effort to avoid the *res judicata* effect of the jury verdict in *Friedel I*. In response, Plaintiffs contend that Park Place "is but a 'straw man' shell company for Sun Communities."

Under Rule 12(b)(7), a case may be dismissed when a plaintiff fails to join a party as required under Rule 19. Under Rule 19, a party **must** be joined in an action if (i) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may, as a practical matter, impair or impede the person's ability to protect the interest.[3] Here, it is beyond question that Park Place has an interest in this action—it was the entity sued in *Friedel I* under the same allegations in this case, it defended itself via a jury trial, its name appears on all of the relevant documents, and it is a child company of the Defendant in

---

2 None of these facts are refuted by Plaintiffs. Instead, Plaintiffs acknowledge these facts. DE 20.
3 Counsel for Sun Communities is also counsel for Park Place and, on behalf of his client, counsel affirmatively claims the interest set forth above.

this case, Sun Communities. Similarly, it is beyond question that the failure to join Park Place would impair or impede Park Place's ability to protect its interest. If this case were to proceed to trial, **Park Place's actions would again, for a second time, be subject to a trial by jury**.

Under Rule 19(a), the proper course of action is for this Court to order that Park Place be made a party. *E.g., Mid-Continent Cas. Co. v. Basdeo*, No. 08-CV-61473, 2009 WL 2450386, at *2-3 (S.D. Fla. Aug. 7, 2009). Defendants' Motion is therefore granted to the extent it argues that Park Place should be joined in this action, but it is denied without prejudice in all other respects. Plaintiffs are hereby **ORDERED** to immediately serve and join Park Place in this action. Plaintiffs shall apprise the Court of the status of service of process at one-week intervals, starting from the date of rendition of this Order.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 27th day of February, 2020.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record