**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:19-CV-14394-ROSENBERG**

GEORGE FRIEDEL &
KATHLEEN FRIEDEL,

    Plaintiffs,

vs.

SUN COMMUNITIES, INC.,

    Defendant.
_____/

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO
MOTION TO DISMISS SECOND AMENDED COMPLAINT**

Defendants, Sun Communities, Inc. ("Sun Communities") and Park Place Community, LLC ("Park Place"), by and through the undersigned counsel, hereby file this Reply to Plaintiffs' Response to Motion to Dismiss Second Amended Complaint. In reply to Plaintiffs' responses, Defendants state the following in further support of their Motion to Dismiss Second Amended Complaint:

(I) the claims against Sun Communities fail to adequately plead any indicia which support piercing of the corporate veil;

(II) the retaliation claim is not supported by anything more than speculation because Defendants' actions have a clear non-discriminatory basis, and

(III) Plaintiffs' response in support of Count IV illustrates Defendants' claim that Count IV is ambiguous and seeks to recast claims previously litigated.

### I. Claims Against Sun Communities Do Not State a Plausible Basis to Pierce the Corporate Veil.

Park Place is the subject legal entity on all the relevant and binding legal documents, including the lease and eviction notices, upon which this action is based. As the Court noted when dismissing the prior version of this complaint, the claims against Sun Communities are premised on Plaintiffs' theory that Park Place "is but a 'straw man' shell company for Sun Communities." [Ord. Granting Mtn. to Dismiss, Doc. 25]. Because Sun Communities has no direct legal relationship with Plaintiffs, Plaintiffs cannot seek redress against Sun Communities because they have not sufficiently plead a basis to pierce the corporate veil.

"A finding of control or domination of a corporation by an individual or a corporate entity and the use of the corporate fiction are necessary prerequisites to the application of the alter ego theory of liability.'" *Eitzen Chem. (Singapore) PTE, Ltd. v. Carib Petroleum*, 749 F. App'x 765, 770–71 (11th Cir. 2018). "Once that is established, 'it is appropriate to brush aside the corporate veil when it appears a corporation was organized for fraudulent purposes, illegality, or wrongdoing.'" *Id.* The focus is not on an individual's personal misconduct, but on whether the corporate form itself was abused and whether the misuse of the corporate form constituted the fraud or injustice complained of in the underlying suit. *Id.*

The Second Amended Complaint is devoid of any allegations whatsoever which support that Sun Communities abused or misused the corporate form to perpetrate an unlawful removal of Plaintiffs' animal. It appears Plaintiffs' only basis for requesting this rarely granted relief, to pierce the corporate veil, is that Sun Communities "owns, operates, controls, directs, and administers PARK PLACE" and that Park Place acted at Sun Communities' direction. [Second Amended Complaint, Doc. 27, at ¶¶ 7, 17, 21, 29, 39].

In other words, Plaintiffs claim that an owner/operator should be held personally liable if it directs its company to do something which violates another's personal or contractual rights. "If this were the rule, it would completely destroy the corporate entity as a method of doing business and it would ignore the historical justification for the corporate enterprise system." *S-Fer Int'l, Inc. v. Stonesheets, LLC*, No. 14-24662-CIV, 2016 WL 8808749, at *3 (S.D. Fla. July 22, 2016).

Importantly, Plaintiffs' version of 'alter ego' liability is not the rule of law. The analysis is much more complex than simply looking at whether an owner/operator "directs" or "controls" its company. In determining whether a subsidiary is the alter ego of its parent corporation, courts should consider various factors, including whether:

> (1) the parent and the subsidiary have common stock ownership;
> (2) the parent and the subsidiary have common directors or officers;
> (3) the parent and the subsidiary have common business departments;
> (4) the parent and the subsidiary file consolidated financial statements and tax returns;
> (5) the parent finances the subsidiary;
> (6) the parent caused the incorporation of the subsidiary;
> (7) the subsidiary operates with grossly inadequate capital;
> (8) the parent pays the salaries and other expenses of the subsidiary;
> (9) the subsidiary receives no business except that given to it by the parent;
> (10) the parent uses the subsidiary's property as its own;
> (11) the daily operations of the two corporations are not kept separate; and
> (12) the subsidiary does not observe basic corporate formalities, such as keeping separate books and records and holding shareholder and board meetings.

*Carib Petroleum*, 749 F. App'x at 770–71.

The facts Plaintiffs have alleged support none of the twelve factors routinely applied by the courts when analyzing whether to pierce a corporate veil.

Conclusory allegations that a subsidiary is nothing more than a shell corporation used to commit wrong-doing without any plausible factual support cannot serve as a basis to pierce the veil. *Oginsky v. Paragon Properties of Costa Rica LLC*, 784 F. Supp. 2d 1353, 1373–74 (S.D. Fla. 2011) (granting motion to dismiss alter ego claim). However, Plaintiffs have failed to even

make conclusory allegations parroting the necessary elements for their alter-ego theory of liability against Sun Communities. Plaintiffs have not alleged any facts related to the improper formation or use of any corporations by Sun Communities. *See*, *Id.* Therefore, the claims against Sun Communities must be dismissed.

## II. Plaintiffs' Allegations of Retaliation May Only Be Assumed True When Supported by a Plausible Factual Basis, Not Speculation.

Plaintiffs allege that Defendants would not have sought to evict them unless they exercised their Fair Housing rights, and the Court should assume this to be true. However, "there is a need at the pleading stage for allegations plausibly suggesting (not merely consistent with)" actionable conduct. *See*, *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007). The requirement of allegations which rise above speculation "serves the practical purpose of preventing a plaintiff with 'a largely groundless claim' from 'tak[ing] up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value.'" *Id.*

Plaintiffs' retaliation claim alleges they were forced to vacate Park Place, not because they refused to remove their vicious dog involved in biting incidents, but because they filed a discrimination lawsuit. Plaintiffs claim it is "ludicrous" to think that their refusal to remove the vicious dog and violation of the terms of their lease motivated Defendants to demand they vacate the community. [Response to Motion to Dismiss, Doc. 31 at p. 13, fn 6]. Plaintiffs do not explain why it would be *ludicrous* to conclude that Defendants would want a dog involved in multiple biting incidents to leave Park Place's property.

The test developed in *McDonnell Douglas* governs suits brought under the Fair Housing Act. *City of Miami Gardens v. Wells Fargo & Co.*, 931 F.3d 1274, 1293 (11th Cir. 2019). Under this framework, "the plaintiff bears the initial burden of establishing a prima facie case of discrimination." *Id.* A prima facie case under *McDonnell Douglas* raises an inference of

discrimination when acts, if otherwise unexplained, are more likely than not based on the consideration of impermissible factors. *See*, *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 577 (1978).

In the Second Amended Complaint, Plaintiffs' acknowledged their dog bit another dog on January 20, 2016. On January 28, 2016, Defendants sent Plaintiffs an eviction notice instructing Plaintiffs to remove their dog. After agreeing to remove the animal, approximately 3 months later, Plaintiffs snuck the animal back into the community. This time, however, they asserted it was an emotional support animal. [Second Amended Complaint, Doc. 27 at ¶¶ 15-23]. Plaintiffs' retaliation claim is based on the Notice to Vacate they received for still refusing to remove the same dog on October 18, 2017.

Any conclusion that Defendants' demand for Maggie's removal was retaliatory is not supported by anything more than speculation when Defendants sought Maggie's removal. In fact, the demand for removal was made before the disability designation was asserted. In January of 2016 and again in January of 2017, Park Place insisted that Maggie be removed due to her aggressive behavior, and if she was not removed, Defendants insisted that Plaintiffs would be evicted from the community

Based on the facts alleged, Defendants' actions are not retaliatory. Park Place's actions are easily explained by its legal and moral obligation to prevent injuries on its property and its need to take decisive action in response to its tenants' complaints. There is no inference implicit in Park Place's actions or the order of events to indicate that Park Place or Sun Communities considered impermissible retaliatory factors. Any action taken by Park Place or Sun Communities was asserted prior to Mr. Friedel advising anyone that he was disabled. Clearly the

Second Amended Complaint has failed to allege a plausible case for retaliation under the *McDonnell Douglas* analysis.

**III. Count IV Joins Multiple Claims Against Multiple Parties and Is a Clear Attempt to Retry a Prior Case Between the Parties.**

    **A. The Joinder of Claims and Parties in Count IV Appears to Be Unclear, Even to Plaintiffs.**

A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. Rule 10, *Fed. R. Civ. P.* (2019). If doing so would promote clarity, each claim founded on a separate transaction or occurrence must be stated in a separate count. *Id.*

Count IV of the Second Amended Complaint lumps together two distinct causes of action for Breach of Good Faith and Tortious Interference against two distinct parties, Park Place and Sun Communities. Defendants' Motion to Dismiss does not dispute Plaintiffs' right to plead in the alternative. Defendants' issue is with the joinder of multiple causes of action against multiple parties in one count. The lack of clarity does not afford Defendants fair notice and opportunity to respond.

Moreover, Plaintiffs' continued insistence that Sun Communities could somehow be liable for breach of the covenant of good faith and fair dealing is difficult to understand given that Plaintiffs' counsel admitted that "Plaintiffs concede that as currently pled, there are no facts which could lead to Sun Communities' breach of the covenant of good faith and fair dealing." [Doc. 20, P.10].  This statement was in response to Sun Communities' assertion that because there was no express contract between Plaintiffs and Sun Communities, there could be no breach of the covenant of good faith and fair dealing.  Inexplicably, Plaintiffs have again asserted the same cause of action against Sun Communities.

Plaintiffs state that Defendants are "simply wrong" to suggest there must be a contract between Plaintiffs and Sun Communities to support a breach of good faith claim against Sun. [Response to Motion to Dismiss, Doc. 31 at 10]. Plaintiffs cite to *Tamiami Trail Tours* and *Register* in support of this assertion. However, a review of these cases reveals that both cases involve claims for tortious interference, and neither makes any mention of claims based on the implied duty of good-faith. *See*, *Tamiami Trail Tours, Inc. v. Cotton*, 463 So. 2d 1126 (Fla. 1985); *Register v. Pierce*, 530 So. 2d 990, 993 (Fla. 1st DCA 1988). Plaintiffs are intertwining the covenant of good faith and fair dealing with a claim for tortious interference with a business relationship, while also intertwining the Defendants.

The fact that Plaintiffs have confused their good faith claim(s) and their tortious interference claim illustrates why Defendants have asked that Count IV be dismissed as plead.

### B. Plaintiffs' Argument in Support of Count IV Illustrates That Count IV's Relation to Prior Claims Was Already Litigated on the Merits Between the Parties.

Plaintiffs claim it is "more than probable" a jury will find Defendants' actions unjustified. [Doc. 31 at 11]. This is in spite of an existing jury finding in favor of Park Place in *Friedel I*, a prior case between the same parties on the same claims[1]. The jury in *Friedel I* found that "no reasonable accommodation would have eliminated or acceptably minimized the risk [Plaintiffs' dog] posed to other residents." [Exh. C to Second Amended Complaint]. Plaintiffs now claim the outcome will "likely" be different when Sun Communities is the defendant and not Park Place. Logic fails to show how Sun Communities could be unjustified in directing Park Place to take an action which a jury found was justified.

Plaintiffs' arguments in support of their tortious interference claim lay bare that this is a second attempt to litigate *Friedel I*. Plaintiffs state that "a different jury" would find Sun

---
[1] Friedel v Park Place Community, LLC, Case No. 2:17-cv-14056 ("*Friedel I*")

Communities liable. [Doc. 31 at 14]. Plaintiffs' own response clearly confirms that Plaintiffs are simply attempting to relitigate the same claim with a different jury.

Plaintiffs claim the jury in *Friedel I* was "deliberately ignorant" and "deliberately misled[.]" It is not clear who Plaintiffs claim misled the jury by excluding certain evidence from trial. What Plaintiffs' argument does make clear is that they do not agree with the jury's decision and are attempting to try the case again by recasting their claim as tortious interference and recasting the defendant as Sun Communities.

WHEREFORE, Sun Communities and Park Place respectfully request an order dismissing Plaintiffs' Second Amended Complaint, and for any further and additional relief that this Court deems just and appropriate.

Dated **April 24, 2020**

Respectfully submitted,
ATLAS LAW

/s/ Brian C. Chase
Brian C. Chase, Esq.
Florida Bar No. 0017520
3902 N. Marguerite Street
Tampa, Florida 33603
T: 813.241.8269
F: 813.840.3773
Attorneys for Defendant

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 24th day of April, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Brian C. Chase
Brian C. Chase, Esq.
Florida Bar No. 17520

## **SERVICE LIST**

MARCY I. LAHART, ESQ.  
Marcy I. LaHart, P.A.  
207 SE Tuscawulla Road  
Micanopy, Florida 32667  
VIA CM/ECF

DENESE VENZA  
Venza Law LLC  
931 Village Boulevard  
West Palm Beach, Florida 33409  
VIA CM/ECF