UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 2:19-CV-14394-ROSENBERG

GEORGE FRIEDEL &
KATHLEEN FRIEDEL,

    Plaintiffs,

vs.

SUN COMMUNITIES, INC.,

    Defendant.
_____/

## DEFENDANTS' AMENDED MOTION FOR SANCTIONS

Defendants, Sun Communities, Inc. ("Sun Communities") and Park Place Community, L.L.C. ("Park Place"), by and through the undersigned counsel, hereby file this Amended and Renewed Motion for Sanctions pursuant to 28 U.S.C.A. § 1927, and in support thereof state:

1. Plaintiffs, through counsel, filed a four (4) count complaint against Sun Communities and Park Place alleging violations of 42 U.S.C. §3604, (Counts I and II), as well as 42 U.S.C. §3617 (Count III), and Tortious Interference/Breach of Contract (Count IV).

2. Early in the proceedings, this Court warned that this action was a derivative of a prior claim between the parties: "*Friedel II* concerns the same dog, the same Plaintiffs, the same eviction, and it is filed by the same counsel." [Doc. 25].

3. Notwithstanding the language in this Court's Order, Plaintiffs' counsel continued down the same road and filed a Second Amended Complaint against Park Place and Sun Communities which required Defendants to continue to litigate dismissal and respond to burdensome requests for documents and electronically stored information.

4. On May 19, 2020, this Court entered an Order Granting Defendants' Motion to Dismiss, which dismissed all four of Plaintiffs' counts with prejudice. [Doc. 40].

5. Any attorney who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C.A. § 1927 (West 2019). "The purpose of § 1927 is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs bear them." *Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1277 (M.D. Fla. 2003). Dilatory practices of civil rights plaintiffs are as objectionable as those of defendants. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 762 (1980).

6. The imposition of sanctions under section 1927 requires notice and an opportunity to be heard. But section 1927 does not contain the same 'safe harbor requirements' of Rule 11 and may be imposed after a final adjudication. *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006).

7. Sanctions under § 1927 are measured against objective standards of conduct. Objectively reckless conduct is enough to warrant sanctions even if the attorney does not act knowingly and malevolently. *In re Engle Cases*, 283 F. Supp. 3d 1174, 1224 (M.D. Fla. 2017).

8. An attorney may be held liable for bringing a duplicative complaint which fails to reference or disclose that the claim was previously adjudicated, even if that attorney later does not oppose a motion to dismiss the complaint. *See, Engle*, 283 F. Supp. 3d at 1227. In this case, "Plaintiffs' Amended Complaint does not cite *Friedel I* in any way. Plaintiffs make no mention of the jury trial or the jury verdict in *Friedel I*. Nor do Plaintiffs reference the jury finding that their dog was a dangerous animal." [Doc. 25, p. 2, Ord. Granting Mtn. to Dismiss].

9. This Court entered an order granting Defendants' Motion to Dismiss on all four counts with prejudice. In doing so, this Court concluded that "Plaintiffs *cannot plausibly allege a claim* for Park Place's denial of a request for disability accommodation." [Doc. 40] (Emphasis Added). This Court further stated that:

> Plaintiffs have provided no plausible, factual allegations to overcome this very likely, very plausible explanation for Plaintiffs' eviction. Stated succinctly, Plaintiffs waited too long. Plaintiffs waited too long to give Maggie additional behavioral training,4 and Plaintiffs waited too long to seek leave to amend to add the issue of additional training to the *Friedel I* litigation. Because Plaintiffs' allegations are implausible, Plaintiffs' Count I and Count II are dismissed. Because further amendment on this issue would be futile and because Plaintiffs have already had the opportunity to amend, the Court's dismissal is with prejudice. *Hall v. United Ins. Co.*, 367 F.3d 1255, 1262 (11th Cir. 2004). [Doc. 40].

10. Plaintiffs were unable to remotely establish a *prima facie* case, and the trial court dismissed the matter without any need for a trial, evidentiary hearing, or even a hearing based on summary judgment evidence. Plaintiffs' claims were so wholly without merit that all four were dismissed with prejudice at the motion to dismiss stage after only one opportunity to amend.

11. A review of the procedural history of this case, including a specific review of opposing counsel's personal opinions interjected throughout various filings, confirms that Plaintiffs' counsels' continued litigation of this matter meets the standard of objective bad faith and vexatious conduct.

12. This Court may take judicial notice of the prior action, *Friedel I. Horne v. Potter*, 892 F. App'x 800, 802 (11th Cir. 2010). In *Friedel I*, the Plaintiff, George Friedel, attempted to introduce evidence of training conducted well after the institution of his Fair Housing Act litigation. This evidence was properly excluded pursuant to this Court's Order on Defendant's Motion *in Limine*. [*Friedel I*, Doc. 68]. In response, George Friedel's counsel sent a revised demand for reasonable accommodation, which included documentation regarding nine training

sessions. When no response was provided, George Friedel's counsel filed a Motion to Amend Complaint in an effort to include the training materials that had been disallowed by this Court's holding on the Motion in Limine. [*Friedel I*, Doc. 75].

13. When Plaintiff was denied the opportunity to amend his complaint at the 11th hour in *Friedel I*, Plaintiff filed a Motion for New Trial. [*Friedel I*, Doc. 109]. The Motion for New Trial was denied. [*Friedel I*, Doc. 113].

14. After having lost on the Motion *in Limine*, having lost on the Motion to Amend, having lost at trial, and having lost on the Motion for New Trial, Plaintiff proceeded to appeal the matter to the Eleventh Circuit Court of Appeals. As anticipated, Plaintiff lost on appeal. In bringing *Friedel II*, Plaintiffs' counsels "disregarded or re-argued nearly all unfavorable court rulings.'" *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 749 (8th Cir. 2018) (imposing sanctions under § 1927).

15. In Plaintiffs' Response to Sun Communities' initial Motion to Dismiss, the intent of Plaintiffs' counsel were made all too clear. Plaintiffs' counsel states that the jury in *Friedel I* was

> deliberately kept ignorant regarding the professional training received by Plaintiff George Friedel's emotional assistance animal ("ESA"), a [sic] elderly Golden Retriever named "Maggie," and misled regarding the diligence of both Plaintiffs in addressing Maggie's reactivity to aggressive small dogs, nonetheless found for the Plaintiff George Friedel on four out of five questions comprising the Verdict Form. [Doc. 31, Pg. 1-2, fn 2].

16. Plaintiffs' counsel again indicated her intent to reargue prior unfavorable rulings from *Friedel I*:

> That a different jury, armed with all facts as pled in the Complaint (including Maggie's extensive professional training and successful elimination of reactivity), will find Sun Communities' eviction actions unjustified is more than just plausible – it's likely. [Doc. 31, Pg. 13-14].

17. Plaintiff waited more than two years, after Maggie had died, to reanimate this litigation. But Plaintiff did not re-file against Park Place. Instead, Plaintiff elected to file only against Sun Communities, and in both the name of George Friedel and Kathleen Friedel. It is anticipated that this was done in order to avoid a *res judicata* claim, as the parties were now different. "It is especially appropriate to impose sanctions in situations where the doctrines of res judicata and collateral estoppel plainly preclude relitigation of the suit." *McLaughlin v. Bradlee*, 602 F. Supp. 1412, 1417 (D.D.C. 1985). "The imposition of sanctions is one of the few options available to a court to deter and punish people who relitigate cases hopelessly foreclosed." *Id.*

18. Plaintiffs' counsel also routinely brandished the specter of punitive damages and attorneys' fees against Defendants as often as possible throughout *Friedel I* and *Friedel II*. Plaintiffs demand "compensatory and punitive damages, and their attorney's fees and costs" in all four counts of Plaintiffs' Second Amended Complaint. [Doc. 27].

19. Plaintiffs' discovery included excessive and burdensome requests for as much financial information as possible. Defendants' counsel suspects this was done to make the discovery process as burdensome as possible in order to extricate a settlement out of Defendants. Examples of discovery requests that were excessive and burdensome include: Interrogatory #8: "[i]dentify all employees and independent contractors which you paid wages, salary, or fees for services in the last five (5) years who live(d) in Florida" and Request to Produce No. 6 "[a]ll documents which show, confirm, evidence, or reflect payments to those persons and contractors identified in response to Interrogatory No. 8."

20. Plaintiffs' Motion to Compel seems to be more of a demand for payment from Sun Communities or Park Place. In Plaintiffs' Motion to Compel it is alleged that Plaintiffs'

counsel is seeking "17 hours of legal researching and crafting of the [5 page Motion to Compel]." [Doc. 39, Pg. 2].

21. Plaintiffs aggressively pursued their broad requests for documents and e-discovery designed to impose a financial burden, despite Plaintiffs' counsel admitting to Defendants' counsel on May 1, 2020, that "I doubt either side will learn much in discovery it did not already know."

22. Park Place litigated the case against Defendant George Friedel in 2017 and 2018, which included an appeal to the Eleventh Circuit Court of Appeals. While Park Place prevailed in that case, it could not be said that the filing of *Friedel I* was frivolous or without merit.

23. However, the filing of *Friedel II*, a case involving the same parties, the same dog, and the same eviction demand, more than two years after the conclusion of *Friedel I* was an obvious and calculated effort to relitigate unfavorable rulings issued in *Friedel I*.

24. This Court should determine that Plaintiffs' counsels' conduct was objectively vexatious because counsel did not initially disclose the highly relevant issues decided in the prior adjudication and because counsel continued to pursue the claim to impose a financial burden on Defendants, even after the Court noted the duplicative nature of the proceedings on the record.

25. Defendants were required to retain Atlas Law, PLLC, to defend and litigate this claim. Pursuant to its fee agreement with Atlas Law, Defendants are required to pay a fixed rate of $200.00 per hour for the legal services performed in this matter. The timekeepers for Atlas Law are attorneys Brian C. Chase and Ryan J. Vatalaro. Brian C. Chase is the managing partner of Atlas Law with fifteen (15) years of experience. Mr. Chase has unique and relevant experience in the areas of landlord/tenant law, mobile home community law, fair housing act compliance, assistance animal accommodation requests, and federal jury-trial experience. Mr.

Chase reasonably expended 53 hours in this matter at an hourly rate of $200.00. Ryan J. Vatalaro is an associate attorney at Atlas Law with four (4) years of experience. Mr. Vatalaro has unique and relevant experience in the areas of landlord/tenant law, mobile home community law, fair housing act compliance, and assistance animal accommodation requests. Mr. Vatalaro reasonably expended 86.6 hours in this matter at an hourly rate of $200.00. The total attorneys fees expended by Atlas Law defending this matter are $28,746.10. A description of the tasks done by each time keeper and Atlas Law's invoices are attached hereto as **Exhibit "A."**

26. Defendants were required to retain JAFFE RAITT HEUER & WEISS, P.C. ("Jaffe") as corporate counsel for Defendants' Michigan headquarters to assist in defending this claim, advising corporate officers, and managing discovery. Pursuant to its fee agreement with Jaffe, Defendants are required to pay various hourly rates depending on the attorney providing service. The timekeepers for Jaffe are attorney James Parks ($475.00/hour rate), David Adler ($360.00/hour rate), Julie Norton ($230.00/hour rate), Benjamin Low ($205.00/hour rate), and Jody Anderson ($200.00/hour rate).

27. Mr. Parks is an equity partner with Jaffe. He has practiced commercial litigation, employment law, traditional labor for over 39 years. His practice is national in scope. He was trial counsel with Brian Chase of Atlas Law in the first jury trial in this matter, in this court. He has worked closely with Atlas Law to defend the current litigation. He was intimately involved with all strategies, defenses, affirmative defenses, and legal analysis. He reviewed and amended pleadings and briefs. He was instrumental in preparing discovery for Defendant and gathering, coding, and reviewing a plethora of documents demanded by Plaintiff. He headed up and worked closely with the Jaffe team to gather and review the mountain of documents demanded by Plaintiff in discovery.

28. David Adler is a partner with Jaffe. He routinely practices in the Litigation & Dispute Resolution, Appellate, and Insurance practice groups. He specializes in commercial and general liability matters with a focus on contract disputes and business torts, the defense of injury and property damage claims, real estate litigation, and insurance coverage. Mr. Adler has extensive litigation practice experience at both the trial and appellate levels. He assisted in providing research and analysis of case law, as well as assisting in preparation of discovery responses on behalf of the Defendants.

29. Julie A. Norton is a litigation/eDiscovery paralegal with over 25 years of litigation experience and nearly three years as the lead eDiscovery support paralegal. Ms. Norton has a B.S. in Criminal Justice from Western Michigan University and a Paralegal Certificate from the University of California, Los Angeles. Ms. Norton supports attorneys in all phases of litigation including complex case management, drafting discovery requests and responses, database configuration and management, factual investigation and research, e-discovery, summarizing deposition transcripts and medical records, and preparing for and attending trials. Ms. Norton was charged with developing search terms and working with our client to search their email archive for potentially responsive emails and transferring them into a document review platform (Relativity). She also used her expertise to prepare additional searches to pare down the data review set using key words and proximity search parameters.

30. Benjamin Low is a 4-year associate with Jaffe and was involve in all aspects of defending this litigation, and discovery. He performed legal research, assisted to prepare discovery and to collect and review documents demanded by Plaintiffs.

31. Jody Anderson is a certified paralegal of approximately 25 years, assisting Julie Norton with logistical support.

32. Jaffe reasonably expended 115.9 hours in this matter at the hourly rates provided in the time keeping records attached hereto, for a total of $44,034.00 in legal fees. Additionally, Jaffee experienced $29.70 in costs, which is further documented in the time keeping records attached hereto. A description of the tasks done by each time keeper and Jaffe's invoices are attached hereto as **Exhibit "B."**

33. Defendants also seek an award of **$2,500.00** for its canine expert witness retained to rebut the opinion of Plaintiffs' canine expert witness. The expert invoice is attached hereto as **Exhibit "C."** When a prevailing party seeks reimbursement for fees paid to its expert witnesses, a federal court is bound by statutory witness fees, absent contract or explicit statutory authority to the contrary. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 437 (1987). Under the lease agreement between the parties, Defendants are entitled to all "costs, expenses and reasonable attorneys fees" "incurred or expended" "if the Tenant fails to voluntarily vacate the premises after termination[.]" [Doc. 27, Exh. E, Page 5]. The parties' use of "expenses" as a term of art indicates the parties' intent to shift expenses, such as expert expenses, in addition to statutory taxable costs. *C.f., Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 297 (2006).

34. The total amount sought to be recovered is the sum of the invoiced amounts incurred in defending this matter as evidenced in **Exhibits A, B, and C** attached hereto and incorporated herein.

35. Counsel for Defendants certifies that he has conferred with Plaintiffs' counsel on the relief requested in this Motion in good faith. The parties did not reach an agreement on entitlement or amount of fees. Unfortunately, no stipulations were made.

WHEREFORE, Sun Communities and Park Place respectfully request an order awarding Defendants attorneys' fees, expenses and costs reasonably incurred due to Plaintiffs' conduct and any further and additional relief that this Court deems just and appropriate.

## VERIFICATION

STATE OF FLORIDA
HILLSBOROUGH COUNTY

I, Brian C. Chase, of Atlas Law, PLLC, and counsel for Defendants hereby declare under penalty of perjury under the laws of the United States that the information contained in this Motion is true and correct to the best of my knowledge, information, and belief.

_____
Brian C. Chase

STATE OF FLORIDA
HILLSBOROUGH COUNTY

The foregoing instrument was acknowledged before me on this 17th day of June 2020 by Brian Chase, who is personally known to me.

HAILEY MCKEE
MY COMMISSION # GG 985243
EXPIRES: May 6, 2024
Bonded Thru Notary Public Underwriters

_____
Notary Public
My Commission Expires:

Dated: June 17th, 2020

Respectfully submitted,

ATLAS LAW

/s/ Brian C. Chase
Brian C. Chase, Esq.
Florida Bar No. 0017520
3902 N. Marguerite Street
Tampa, Florida 33603
T: 813.241.8269
F: 813.840.3773
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the __16__ day of __July__, 2020, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to all counsel of record.

/s/ Brian C. Chase
Brian C. Chase, Esq.
Florida Bar No. 17520

## SERVICE LIST

MARCY I. LAHART, ESQ.
Marcy I. LaHart, P.A.
207 SE Tuscawulla Road
Micanopy, Florida 32667
VIA CM/ECF

DENESE VENZA
Venza Law LLC
931 Village Boulevard
West Palm Beach, Florida 33409
VIA CM/ECF