UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-14394-ROSENBERG/MAYNARD

GEORGE FRIEDEL &
KATHLEEN FRIEDEL,

        Plaintiffs,

v.

SUN COMMUNITIES, INC.,

        Defendant.

_____/

## PLAINTIFFS' *CORRECTED*[1] RESPONSE IN OPPOSITION TO DEFENDANTS' AMENDED MOTION FOR ATTORNEYS' FEES & COSTS

Plaintiffs, GEORGE FRIEDEL and KATHLEEN FRIEDEL ("Plaintiffs" or "Friedels"), by and through undersigned counsel, respond to, oppose, and request that Defendants' Amended Motion for Attorneys' Fees and Costs [DE 48] ("Amended Fees Motion") be denied, *in toto*. In support, Plaintiffs incorporate Plaintiffs' Response in Opposition to Defendants' [Original] Motion for Attorney's Fees [DE 43] ("Fees Objection & Response") and state:

## I. BACKGROUND

### A. PROCEDURAL

Defendants filed their original Motion for Attorney's Fees and Costs ("Original Fees Motion") [DE 41] on May 29, 2020, following this Court's grant of Defendants' Motion to Dismiss [DE 40] on May 19, 2020.

Plaintiffs filed their Fees Objection & Response [DE 43] delineating the Original Fees Motion's deficiencies (including, *inter alia*, the failure to comport with Local Rules 7.1 and 7.3 *in*

---

[1] Corrected to address an incompletion.

*toto*).[2] Defendants' voluntarily withdrew their Original Fees Motion on June 19, 20201. Notice of Withdrawal of [Original Fees] Motion [DE 46].

On June 18, 2020, the case was appealed and a Notice of Appeal was filed [DE 45].

On July 16, 2020, Defendant's filed their Amended Motion for Attorney's Fees [DE 48] ("Amended Fees Motion").

On July 21, 2020, the Court entered a Paperless Order terminating the Amended Fees Motion and stating "[a]ny party may move for the [Amended Fees Motion] to be reinstated after the conclusion of the pending appeal." [DE 50.]

On September 22, 2021, the Mandate certifying the Appeals Court's ruling was filed and entered. [DE 52.]

On October 22, 2021**,** , Defendants' filed their Motion to Reinstate [the Amended Fees Motion] [DE 53]. That same day the Court, again through Paperless Order, granted the request for reinstatement. [DE 54.]

**B.      FACTUAL**

In the Motion *sub judice*, Defendants' seek attorney's fees and costs under 42 U.S.C. § 3613 (Fair Housing Act of "FHA") and Fla. Stat. § 723.068 ("Florida Mobile Home Act").

On October 6, 2019, George Friedel and Kathleen Friedel ("Plaintiffs") filed a Complaint against Defendant Sun Communities, Inc. ("Sun") through their legal counsel, Venza Law, PLLC and Marcy I. LaHart, PA [DE 1]. The Complaint alleged four causes of action under the Fair Housing Act, 42 U.S.C. § 3601, *et seq.*: (1) making a dwelling unavailable because of a handicap;

---

[2] E.g., was not verified, did not state the amount sought, did not provide the identity, experience, or qualifications for each timekeeper, did not identify the number of hours reasonably expended, did not describe the tasks done, did not identify hourly rates, etc.

(2) failure to grant a reasonable accommodation; (3) illegal retaliation; and (4) breach of covenant of good faith and fair dealing (interference with contract). *Id.*

Central to all allegations was that Sun illegally retaliated against both George and Kathleen Friedel by evicting them *after* George Friedel[3] singularly filed and litigated a prior lawsuit against Park Place Community, LLC ("Park Place"). *Id.* at ¶¶ 66 through 70. In the instant case, *both* George and Kathleen Friedel sought damages associated with that retaliatory eviction. *Id.* Notably, the retaliatory eviction which is the subject of the within lawsuit had not yet occurred and thus was not a part of George Friedel's singular lawsuit.

Defendant Sun moved to dismiss on three grounds: (1) failure to join indispensable party, (2) res judicata; and (3) failure to state a claim. [DE 14.] Significantly, the District Court did not find the Friedels' First Amended Complaint "implausible," and did not grant Sun Communities' Motion, but instead ordered the Friedels to join and serve Park Place. The Court granted the Motion "*to the extent it argues Park Place should be joined in this action*" and ordered the Plaintiffs to immediately "*serve and join Park Place*," which Plaintiffs did. [DE 25 and DE 26, respectively.] It bears noting that in its fact-finding the Court denominated the within litigation "*Friedel II*" and the predecessor lawsuit "*Friedel I*," but erroneously reported that "*Friedel II concerns the same Plaintiffs, the same eviction, and it is filed by the same counsel.*" DE 25 at 2. Kathleen Friedel was not a party to Friedel I, the retaliatory eviction which was the subject of the within, i.e., Friedel II, litigation had not yet occurred and thus could not have been a part of Friedel I, and Venza Law, PLLC, Plaintiffs' current counsel, was not involved in Friedel I.

---

[3] George Friedel was represented by Marcy I. LaHart, PA.

On March 16, 2020, pursuant to the Court's express dictates to do so, the Plaintiffs filed an Amended Complaint[4] adding Park Place as a named party. [DE 27.]  Defendants Sun and Park Place jointly moved to dismiss the Amended Complaint, and alternatively "for More Definite Statement." [DE 30.]  In Defendants' Reply [DE 32] to Plaintiffs' Response in Opposition [DE 31], Defendants challenged Plaintiffs' ability to pierce the corporate veil between Sun and Park Place and contended that Plaintiffs' retaliation claim was "speculation because Defendants' actions [of evicting both Plaintiffs after George Friedel litigated against Park Place] ha[d] a clear non-discriminatory basis." [DE 32 at 1, *et seq.*] Plaintiffs' request to file a Sur-Reply to these challenges was denied. [DE 34.]

In the interim, Plaintiffs served discovery on Sun, which, after three extensions so that Sun could ostensibly gather responsive material, Sun failed to substantively answer. On May 5, 2020, a Discovery Conference was held at which Defendants' counsel represented that discovery was "on track." On May 7, 2020, however, the third extended deadline for document production, Defendant Sun served discovery responses comprised of boilerplate objections to virtually every Interrogatory, produced not a single document, and failed to produce the requisite privilege log. See Plaintiffs' Motion [to Compel] [DE 39] which Plaintiffs expressly incorporate herein.[5]

---

[4] There were two versions prior to the Second Amended Complaint. The first version, i.e., the "original" Complaint, was never served on any party. Scrivener's errors were corrected and a First Amended Complaint was filed and served, making it the "first" Complaint to Sun Communities and the Court. Doc 7.  It was only at the Court's instruction that Plaintiffs filed a Second Amended Complaint [hereafter sometimes referred to as "Complaint"], amended to add Defendant Park Place. [DE 25.]

[5] After counsel's additional efforts, Sun later produced Amended Responses with documents, however, they were form and not substance. See Plaintiffs' Motion to Compel [DE 39]. The multiple extensions and Defendant Sun's failure to provide a response to an Interrogatory other than boilerplate objection, initial failure to provide a single document in response to a Request to Produce or privilege log, and non-substantive supplementation, are all germane to the unreasonableness of the amount of attorney's fees sought, as discussed *infra*. *Id*.

On May 18, 2020, Plaintiffs filed a Motion [to Compel] [DE 39]. On May 19, 2020, the next day, the Court entered its Order granting Defendants' Motion to Dismiss the Amended Complaint [DE 40], mooting the Plaintiff's Motion [to Compel], from which the within request for attorney's fees arises.

For dual reasons of inapplicability of the grounds asserted therefor and the failure to meet the stringent standard for a prevailing defendant FHA fee award, attorney's fees and costs should be denied.

## II.    LEGAL ARUGMENT

### A.    DEFENDANT SUN CANNOT CLAIM "LANDLORD" STATUS AND IS THUS PRECLUDED FROM CLAIMING ENTITLEMENT TO ATTORNEYS' FEES OR COSTS UNDER EITHER THE LEASE AGREEMENT OR THE FLORIDA MOBILE HOME ACT.

Defendant Sun has been adamant throughout this litigation that it is a separate entity from Defendant Park Place. See, e.g., Defendant's Motion to Dismiss Complaint [DE 14], Defendants' Motion to Dismiss Amended Complaint [DE 30], and Defendants' Reply to Plaintiffs' Response to Defendants' Motion to Dismiss Amended Complaint [DE 32]. That being the case, Defendant Sun cannot now claim entitlement to attorney's fees or costs under a lease agreement to which it has said it is not a party to. *Id.*  Nor can Defendant Sun claim entitlement under a Florida statute purported to apply, but which expressly pertains to only the owner and operator of a mobile home park. *Id.;* see Fla. Stat. § 723.001, *et seq.* Although for the reasons explained *infra* Plaintiffs' also challenge Defendant Park Place's entitlement to any attorney's fees or costs under Fla. Stat. § 723.001 or the lease, it is axiomatic that, at a minimum, **all fees and costs prior to Park Place's addition to this lawsuit**, i.e., **prior to March 16, 2020**, must be excluded.

### B.    FLA. STAT. § 723.068 DOES NOT APPLY AS THIS LAWSUIT WAS NOT A "PROCEEDING TO ENFORCE PROVISIONS OF THE [FLORIDA MOBILE HOME ACT,'" NOR DOES IT PROVIDE FOR  THE RECOVERY OF COSTS;

**SIMILARLY THE LEASE IS INAPPLICABLE AS ARE THE TERMS RELIED UPON IN IT.**

Defendants claim entitlement to attorneys' fees and costs under the Florida Mobile Home Act and cite to section 723.068 in support. It states:

> in any proceeding between private parties ***to enforce provisions of this chapter***, the prevailing party is entitled to a reasonable attorney's fee.

Fla. Stat. § 723.068 (emphasis added).

Notably, section 723.068 only allows, in certain instances, "attorney's fees." Costs are excluded. See Fla. Stat. § 723.068.

More importantly, section 723.068 simply does not apply. This case is not an action for a breach of the Lease Agreement that once existed between Plaintiffs and Park Place, but rather a disability discrimination suit under the Fair Housing Act ("FHA"). See DE 1 and DE 27. Defendants cite only this statute and the lease in support of their claim that section 723.068 entitles them to fees.

Defendants also jointly contend that the lease agreement entered between the Plaintiffs and Defendant Park Place entitle both Defendants to attorneys' fees and costs. Amended Fees Motion [DE 48]. However, even a cursory review of the only term of that agreement identified as supporting Defendants' claim of entitlement evidences its inapplicability:

> **[i]f the Tenant fails to voluntarily vacate the premises after termination**, **Landlord may bring an action for possession** in the appropriate court and Tenant agrees to pay all costs, expenses and reasonable attorneys fees which shall be incurred or expended by Landlord.

Cited from Defendants' Amended Fees Motion at ¶ 4 (emphasis added).

It is indisputable that the within litigation (1) was not brought by the Landlord, (2) is not "an action for possession," and (3) does not involve a Tenant's failure to "voluntarily vacate…after

6

termination." Reliance upon Fla. Stat. § 723.068 and/or the proffer of the lease in support of awarding

both Defendants' attorneys' fees and costs in an FHA case is frivolous.

## C.     THE PLAINTIFFS' CLAIMS WERE NOT "FRIVOLOUS"

Defendants also seek attorneys' fees and costs under the Fair Housing Act ("FHA").  Under

the FHA's attorneys' fees provision, "the court, in its discretion, may allow the prevailing party...a

reasonable attorneys' fee and costs." 42 U.S.C. 3613(c)(2).  A prevailing plaintiff in a civil rights case

should receive attorney's fees "in all but special circumstances" in order to encourage private

enforcement of the civil rights statutes. *Christiansburg  Garment Co. v. EEOC*, 434 U.S. 412, 417,

(1978). But the policy considerations that support granting fees to a prevailing plaintiff are not present

when the defendant prevails. *Greater New Orleans Fair Hous. Action Ctr., Inc. v. Hotard*, CIVIL

ACTION No. 15-1320 SECTION "R" (3), at *3 (E.D. La. Dec. 5, 2017). A prevailing defendant in a

housing discrimination suit can receive fees from the plaintiff **only if** the district court finds that "the

plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in

subjective bad faith," *Christiansburg*, 434 U.S. at 421 (emphasis added), "or if the plaintiff continued

to litigate after it clearly became so." *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646

(2016) (quoting *Christiansburg* at 422).

This standard has been described as a "stringent" one.  *Bonner v. Mobile Energy Servs.*

*Co.*, 246 F.3d 1303, 1304 (11th Cir. 2001) citing *Hughes*, 449 U.S. 5, 14 (1980). See also *Nat'l*

*Ass'n for the Advancement of Colored People v. City of Kyle*, 626 F.3d 233, 239 (5th Cir. 2010)

(denying claim for defendant's attorney's fees against unsuccessful FHA plaintiffs where "[t]here

is no evidence that Plaintiffs' claims were frivolous, unreasonable, or groundless." (citations

omitted)).  Indeed, the Supreme Court has cautioned

> [i]n applying these criteria, it is important that a district court resist the
> understandable temptation to engage in post hoc reasoning by concluding that,
> because a plaintiff did not ultimately prevail, his action must have been unreasonable

> or without foundation. This kind of hindsight logic could discourage all but the most airtight claims... **Even when the law or the facts appear questionable or unfavorable at the outset,** a party may have an entirely reasonable ground for bringing suit.

*Christiansburg*, 434 U.S. at 421-22 (emphasis added).

Particularly in the prevailing defendant FHA context, the Supreme Court has said

> [t]o take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so.

*Id.* at 422.

Circumstances in which the plaintiff's case is legally or factually insufficient to require a trial do not make the case "groundless" or "without foundation" as required by *Christiansburg*. *Hughes v. Rowe*, 449 U.S. 5, 15-16 (1980).  In deciding whether a suit is frivolous, "a district court must focus on the question of whether the case is so lacking in arguable merit as to be groundless or without foundation rather than whether the claim was ultimately successful." *Wigfall v. Sodexo, Inc.*, 539 Fed. Appx. 942 (11th Cir. 2013) citing *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1189 (11th Cir. 1985) (quoting *Jones v. Texas Tech Univ.*, 656 F.2d 1137, 1145 (5th Cir. 1981)).

Because Congress intended to promote vigorous enforcement of civil rights laws, "a district court must exercise caution in awarding fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be 'airtight.'"  *EEOC v. Bruno's Restaurant*, 13 F.3d 285, 287 (9th Cir. 1993) (quoting *Christiansburg* at 422).

In the Eleventh Circuit, "[i]n reviewing frivolity determinations, we view the evidence in the light most favorable to the plaintiff." *Lawver v. Hillcrest Hospice, Inc., 300 Fed. Appx.* 768, 773-774 (11th Cir. 2008) (citing *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1179 (11th Cir. 2005)).

A "claim is not frivolous when it is meritorious enough to receive careful attention and review." *Cohen v. World Omni Fin. Corp.*, 457 F.App'x 822, 828 (11th Cir. 2012) (citing *Busby v. City of Oxlando*, 931 F.2d 764, 787 (11th Cir. 1991); *Lawver* at 774 (citing *Walker v. NationsBank of Fla. N.A.*, 53 F.3d 1548, 1559 (11th Cir. 1995)). Even a speculative claim is not necessarily frivolous "as long as the speculation is reasonable." *Lawver* at 774 (citing *Cordoba* at 1181). Here, the Motion to Dismiss was given careful attention by the Court as evidenced by its nine-page Order [DE 40] and the appeal was given careful attention by the Eleventh Circuit as reflected in its 13-page Order. It cannot be said that the Plaintiffs' litigating of this matter was frivolous. Defendants are not entitled to attorney's fees or costs under the FHA.

## D.    DEFENDANTS MISAPPLY THE SUPREME COURT'S "CONTINUED TO LITIGATE" STANDARD.

Several pages of the Amended Fees Motion is expended describing activity and events that occurred *before* the lawsuit under review was filed. See DE 48. Given that the claims in this case cannot be said to have been frivolous for the reasons averred *supra*, there is no cogent argument that Plaintiffs "continued to litigate [after it became clear it was frivolous or unreasonable to do so]" merely by filing this lawsuit, as Defendants' posit.  See *CRST Van Expedited, Inc. v. E.E.O.C.*, 136 S. Ct. 1642, 1646 (2016).

Defendants state that "Plaintiff continued down the same road and filed a Second Amended Complaint against Park Place and Sun Communities," as evidence of "continuing to litigate." Amended Fees Motion [DE 48] at 3. However, Plaintiffs' added Park Place and filed the Second

Amended Complaint under the Court's express order to do so. See DE 25. Plaintiffs cannot be monetarily penalized for following judicial orders.

Additionally, in support of their contention that Plaintiffs "continued to litigate," Defendants cite an alleged "admission" regarding discovery that purportedly occurred on May 1, 2020, ambiguously identifying the speaker merely as "Plaintiffs' counsel" and the receiver as "Defendants' counsel." Amended Fees Motion [DE 48] at 6. (Specifically, Defendants' claim "Plaintiffs' counsel" said "I doubt either side will learn much in discovery it did not already know." *Id*.)  However, no correlating time entry for May 1, 2020, has been proffered. See DE 48-1 and DE 48-2. The only time entries for activity on May 1st are from the Jaffe Firm, one entry by a timekeeper who is not counsel of record and has had no contact with Plaintiffs' counsel and the other by a paralegal (who has also not had any contact), for activities not remotely construable as communicating with "Plaintiffs' counsel":

| 05/01/2020 | 886 | BENJAMIN M. LOW | 0.60 | 123.00 | REVIEW EMAIL SEARCH PARAMETERS, CORRESPONDENCE | S |
| 06/03/2020 | | Invoice=461470 | 0.60 | 123.00 | RE: DISCOVERY | |
| | | | | | | |
| 05/01/2020 | 767 | JULIE A NORTON | 1.40 | 322.00 | REVIEW AND ANALYZE INITIAL SUN EMAIL SEARCH | S |
| 06/03/2020 | | Invoice=461470 | 1.40 | 322.00 | RESULTS AND COMMUNICATIONS WITH THE TEAM | |

DE 48-2. This unsupported, unsubstantiated "admission" exemplifies the absence of Defendants' proof which is required before attorney's fees can be awarded under the stringent standard applied in the prevailing defendant FHA context. The burden is on Defendants and they have not met it.

E.     **SHOULD ATTORNEY'S FEES BE AWARDED, THEY MUST CONFORM TO THE 11th CIRCUIT'S GUIDE FOR MEASURING THE REASONABILTY OF RATES AND TIME.**

The 11th Circuit employs the lodestar method to determine an attorney's fees award, calculated by multiplying the number of hours reasonably expended in a litigation by a reasonable hourly rate. See *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The determination of what is reasonable lies in the discretion of the trial court. *Id.* at 1301.

10

In the event attorney's fees are awarded, they should be substantially reduced for the following reasons:

### i.      "Reasonable" Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299.   Defendants bear the burden of providing sufficient evidence of the market rate*. Id.* Defendants' burden includes submitting "**specific and detailed evidence**" from which the court can determine the reasonably hourly rate as well as billing records that reflect the time spent on different claims.  *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Norman*, 836 F.2d at 1303); see also S.D. Fla. L.R. 7.3(a) (emphasis supplied). It is incumbent on the Defendants that "the general subject matter of the time expenditures…be set out with sufficient particularity so that the district court can assess the time claimed for each activity.*"* *Id.* In other words, what was done and why needs to be specific and clearly articulated.

### ii.     Reasonability of Hours Expended

Defendants must also set out the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman*, 836 F.2d at 1303.  In other words, no block-billing. Excessive, redundant, or otherwise unnecessary hours are to be excluded from the amount claimed. *Id.* at 1301. If a request for attorneys' fees is unreasonably high, due to excessive time or other billing errors, the Court can reduce the number of hours by conducting a line analysis or applying an across-the-board cut. See *Bivins v. Wrap It Up*, Inc., 548 F.3d 1348, 1351 (11th Cir. 2008).

**F.      FOR SEVERAL REASONS THE JAFFE BILL [DE 48-2] SHOULD BE EXCLUDED, *IN TOTO*, AND THE ALTAS BILL AS WELL, FOR FAILURE TO PRODUCE THE NECESSARY AGREEMENT.**

Exhibit 48-2 is the bill from the Jaffe Firm. None of its attorneys are counsel of record, none of its timekeeper attorneys proffered in this case are licensed to practice law in Florida, nor were any admitted by pro hac vice for this case. Allowing attorney's fees or costs from this Firm would be akin to this Court sanctioning the unlicensed practice of law (e.g., Attorney James Parks' May 5, 2020, billing for "engag[ing] in telephonic status conference with opposing counsel, local counsel, and the court…"). "Except when an appearance pro hac vice is permitted by the Court, only members of the bar of this Court may appear as attorneys before this Court." Rule 4, Rules Governing the Admission, Practice, Peer Review, and Discipline of Attorneys, Local Rules for the U.S. Dist. Court for the S.D. of Fla. For this reason alone, Exhibit 48-2 should be stricken and all $44,034.00 in fees and $29.70 in costs asserted therein excluded.

Billing from five different attorneys on the within FHA case is facially unreasonable, especially when only one attorney, Brian Chase, is the Defendants' attorney of record; it facially speaks of redundancy and duplication.[6] Moreover, any arrangements as to the division of legal services between the Jaffe and Atlas Firms is not before this Court and may not be considered. "No agreement between parties or their attorneys, the existence of which is not conceded, in relation to the proceedings or evidence in an action, will be considered by the Court unless the same is made before the Court and noted in the record or is reduced to writing and subscribed by the party or attorney against whom it is asserted." Local Rule 11.1(6). For this reason, DE 48-2 should be stricken, or otherwise excluded, *in toto*.

---

[6]For the Atlas Firm: Bryan Chase (attorney of record) and Ryan Vatalo. For the Jaffe Firm: James Parks, David Adler, and Benjamin Low.

To that end, no actual fee agreement from *either* firm is before this Court. *Id.* Accordingly, neither DE 48-1 or DE 48-2 may be considered, and no actual fee amount should be directed to be paid.[7]

## G. THE JAFFE BILL SHOULD BE SUBSTANTIALLY REDUCED, BOTH FOR UNREASONABLENESS OF HOURLY RATES AND ENTRIES; THE ALTAS BILL SHOULD ALSO BE REDUCED.

Most of the Jaffe Firm entries fail to describe the activity with the requisite specificity. See DE 48-2. Many entries on the Jaffe bill are fraught with large amounts of time for ambiguous descriptions of "attention to," e.g., "attention to discovery" and "attention to same." Entries such as 2.30 hours on 2/4/2020, .30 on 2/21/2020, 1.40 on 3/17/2020, 1.60 on 3/18/2020, 1.40 on .60 on 3/20/2020, .70 on 4/27/2020, 1.30 on 5/4/2020, 1.30 on 5/6/2020, 1.70 on 5/7/2020, .60 on 5/9/2020, 3.20 on 5/11/2020, 2.00 on 5/15/2020, 3.90 on 5/18/2020, and 3.20 on 5/19/2020 all for "attention to discovery" and all by James Parks are unreasonable. *Id.*

Given that Defendant Sun answered most Interrogatories with a boilerplate objection, did not produce a single substantive document in discovery, and did not provide any privilege log (see Plaintiffs' Motion [to Compel] [DE 39]), every entry from every timekeeper (from both firms) from 2/21/2020 through 5/19/2020 referring or referencing "discovery" and any discovery-related activity (e.g., 5/12/2020 "document production") should be excluded as unreasonable and unsubstantiated. This includes the bulk of the hours from the Jaffe bill [DE 48-2] by all timekeepers (from 2/21/2020 through 5/19/2020) and 12.80 hours from the Atlas bill [DE 48-1] (i.e., 3/6/2020, 3/27/2020, 4/20/2020, 4/23/2020,5/4/2020, 5/6/2020, 5/11/2020, 5/13/2020, and 5/18/2020).

---

[7]Many of the fatal deficiencies with Defendants' Original Fees Motion (and Original Sanctions Motion) which precipitated withdrawal (Notice to Withdraw [DE 46]) were corrected with amended filings; this one, however, remains.

These same entries also fall under unreasonable for reasons of non-specificity, block-billing, and duplication.

Every entry (for both firms) referencing "pro hac vice" activities should be excluded, as unreasonable and not properly taxable as recoverable attorney's fees.

Every entry (for both firms) for internal communications, such as "conference with the research team," "meeting with research team," "telephone conferences with team," "communications with team," "email to [a member of the team]," etc., as well as teleconferences "with local counsel" etc., are duplicative, redundant, non-specific, and unreasonable and should be excluded.

Every entry (from both firms) that has been redacted, as same are facially unreasonable given that they leave no possibility for the Court's discernment as to whether the activity or time-expended is/are reasonable.

Every entry (for both firms) after 5/19/2020, the date of entry of the Order granting the Motion to Dismiss, should be excluded as unreasonable, given that they are fees for activities associated with the collection of attorney's fees and costs cannot be included in a fees award. (I.e., 8.10 [at Parks rate of $475.00/hour] hours deducted from Jaffe bill and 34.3 hours deducted from the Atlas bill.)

Every entry by any attorney who is not counsel of record should be stricken, or, at a minimum, every entry by an attorney who is not in the firm of the attorney who is counsel of record, should be excluded.

Additionally, all fees from the Jaffe Firm, if not wholly excluded for the reasons already stated, should be substantially reduced or excluded. Attorney's fees hourly rates of $475.00 and $360.00 for attorneys not in this jurisdiction and not admitted to this jurisdiction are flatly

14

unreasonable; $205.00/hour for an associate attorney admitted to practice by his local state bar of Michigan for less than a year is also unreasonable;[8] $230.00/hour for a paralegal, and $200/hour for a paralegal assistant, are also facially unreasonable, especially in the wake of the attorney of record's rate which is less,[9] and should be substantially reduced. "A reasonable hourly rate is the prevailing market rate in the **relevant** legal community..." *Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Michigan is not the relevant legal community. The Defendants bear the burden of providing sufficient evidence of the market rate. *Id.*

The hours charged by Attorney Parks on the Jaffe bill should be substantially reduced as the tasks (so non-specifically described by Parks) could have been performed by less experienced associates at a lower hourly rate or by Attorney Chase. See *Clifford v. Trump*, No. CV1806893SJOFFMX, 2018 WL 6519029, at *5 (C.D. Cal. Dec. 11, 2018) (court found the total number of hours to be excessive because the firm could have made greater use of the three highly qualified associates staffed on the case).

The Jaffe bill's paralegal's and assistant paralegal's activities are primarily administrative and should be excluded, as should entries from the Atlas bill which are administrative in nature.

## H.    EXPERT WITNESS FEES AND COSTS SHOULD BE EXCLUDED.

Defendants submit both attorney's fees and costs associated with an expert witness, James Crosby, all of which should be excluded. Witness fees for expert witnesses that do not testify in court are not an allowable cost under 28 U.S.C. § 1920.  *Home Loan Inv. Co. v. St. Paul Mercury*

---

[8]Defendants describe Benjamin Low as "a 4-year associate with Jaffe and was involve [sic] in all aspects of defending this litigation, and discovery." [DE 48 at 9.] According to the Michigan State Bar, Benjamin Low (License # P82834) was not admitted until  November 6, 2018. This lawsuit was filed in 2019.

[9] Attorney Chase's rate is $200.00 per hour.

*Ins. Co.*, 78 F. Supp. 3d 1307, 1321 (D. Colo. 2014) citing *Jones v. Unisys Corp.*, 54 F.3d 624, 633 (10th Cir.1995) (citing *Crawford Fitting Co. v JT Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). See also *Sorbo v. United Parcel Serv.*, 432 F.3d 1169, 1179 (10th Cir. 2005).

Further, the FHA does not provides for expert witness fees, meaning that even if James Crosby had testified in court, the most that that could be taxed against a non-prevailing party is the statutory rate provided by 28 U.S.C. § 1920:   $40.00 per day. *West Virginia Univ. Hospitals, Inc. v. Casey*, 499 U.S. 83 (1991); *Huntington Branch NAACP v. Town of Huntington*, 762 F.Supp. 528, 530 (E.D.N.Y. 1991) (disallowing expert witness fees claimed under the FHA and permitting only the statutory $40 witness fee). See also See *Duckworth v. Whisenant*, 97 F.3d 1393, 1399 (11th Cir.1996) (noting that expert witness fees for non-court appointed expert witnesses are not recoverable under section 1920).

### III.    REQUEST FOR HEARING

Pursuant to Local Rule 7.1(b)(2), Plaintiffs request an in-person hearing on the within Motion.[10]   Defendants' have contemporaneously filed a companion Amended Motion for Sanctions [DE 49] under 28 U.S.C.A. § 1927 raising the same issues as the instant Motion and for which Plaintiffs' counsel is also requesting and is entitled to a hearing. See *Amlong & Amlong. P.A. v. Dennv's. lnc.*, 500 F.3d 1230, 1242 (11th Cir. 2007) ("(A)n attorney threatened with sanctions under 1927 is entitled to a hearing."). Accordingly, including the within Motion in that proceeding would pose no further burden to the Court or the parties.

---

[10]Or at least the option for counsel of record to attend in-person.

## IV.  CONCLUSION

Plaintiffs respectfully request that Defendants' Amended Motion for Attorney's Fees and Costs [DE 48] be denied *in toto*, and that Defendants, individually and jointly, be denied recovery of attorneys' fees and costs under all legal theories. [11]

Respectfully submitted,

| | |
|---|---|
| MARCY I. LAHART, P.A. | VENZA LAW, PLLC |
| *s/Marcy LaHart* | *s/ Denese Venza* |
| Marcy I. LaHart, Esq. | Denese Venza, Esq. |
| 207 SE Tuscawilla Road | 931 Village Boulevard, #905-322 |
| Micanopy, FL 32667 | West Palm Beach, FL 33409 |
| (352) 545-7001 | (561) 596-6329 |
| marcy@floridaanimallawyer.com | dvenza@venzalawpllc.com |
| Florida Bar No. 0967009 | Florida Bar No. 0599220 |

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

I HEREBY CERTIFY that on November 6th, 2021, I filed a true and correct copy of the foregoing PLAINTIFFS' *CORRECTED* RESPONSE IN OPPOSITION TO DEFENDANTS' AMENDED MOTION FOR ATTORNEYS' FEES AND COSTS with the Clerk of the Court using the CM/ECF System. I also certify that the foregoing document is being served this day on all counsel of record either via transmission of Notice of Electronic Filing generated by CM/ECF or in some other manner authorized for those counsel of record or parties who are not authorized to receive Notice of Electronic Filings.

BY: *s/ Denese Venza*
Denese Venza, Esq.

---

[11] Plaintiffs' counsel submit that for several of the reasons asserted herein, Defendants' companion Amended Motion for Sanctions [DE 49] should also be denied and incorporate Plaintiffs' contemporaneously-filed *Corrected* Response in Opposition thereto.

17