UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-14394-ROSENBERG

GEORGE FRIEDEL & KATHLEEN
FRIEDEL,

    Plaintiffs,

v.

SUN COMMUNITIES, INC. & PARK
PLACE COMMUNITY, LLC,

    Defendants.
_____/

**ORDER GRANTING THE DEFENDANTS' MOTION FOR ATTORNEY'S
FEES AND DENYING THE DEFENDANTS' MOTION FOR SANCTIONS**

This cause is before the Court on the Defendants' Motion for Attorney's Fees at docket entry 48 and the Defendants' Motion for Sanctions at docket entry 49. Both motions have been fully briefed. The Court held an evidentiary hearing on the Motions on March 21, 2022. For the reasons set forth below, the Motion for Attorney's Fees is granted and the Motion for Sanctions is denied.

This case marks the second time that the Plaintiffs have engaged in litigation pertaining to their dog, Maggie. In their first case, styled as *Friedel v. Park Place Community, LLC*, ("*Friedel I*,")[1] the Plaintiffs alleged that Maggie was an emotional comfort assistance animal, that Plaintiff George Friedel was disabled via depression, and that Maggie was necessary to assist with the depression. The Plaintiffs alleged that they had been threatened with eviction over Maggie—wrongfully—and that the Defendant in that case, Park Place, should be held liable for the threatened eviction. *Friedel I* proceeded to a trial by jury. The jury found that Maggie was a

---

1 Case 17-CV-14056.

dangerous animal that threatened the safety of the Plaintiffs' neighbors and, as a result, the jury concluded that Park Place's actions were lawful. The Plaintiffs filed a motion for new trial, which the Court denied. The Plaintiffs appealed the jury verdict, the Court's rulings at trial, the Court's pretrial rulings, and the Court's denial of the motion for new trial. The Eleventh Circuit affirmed. After the affirmance, the Plaintiffs filed the lawsuit before the Court, *Friedel II*.

*Friedel II* concerns the same dog, the same Plaintiffs, the same (threatened) eviction, and it is filed by the same counsel. Initially, the Plaintiffs' Complaint did not cite or discuss *Friedel I* in any way. The Plaintiffs made no mention of the jury trial or the jury verdict in *Friedel I*. Nor did the Plaintiffs reference the jury finding that their dog was a dangerous animal. Instead, the Plaintiffs made virtually identical allegations against a new Defendant—Sun Communities.

Sun Communities, a Defendant in this case, is the parent company of the Defendant in *Friedel I*, Park Place. The Plaintiffs sued Park Place in *Friedel I* because Park Place was the company that appeared on the Plaintiffs' lease agreement. Park Place also appeared on the eviction notice in *Friedel I*. Defendant Sun Communities argued in a prior Motion to Dismiss in this case that Park Place should be joined as a necessary party. The Court agreed and ordered the Plaintiffs to join Park Place in this case. The Plaintiffs complied by filing a Second Amended Complaint which named Park Place as an additional Defendant. The Defendants thereafter filed a renewed motion to dismiss.

The Court granted the Defendants' renewed motion to dismiss and dismissed the Plaintiffs' Second Amended Complaint with prejudice, finding that the most plausible explanation for the Plaintiffs' threatened eviction was the fact that, one day prior to the notice of eviction, the Defendants prevailed in a trial by jury—*Friedel I*. The Court found that the Plaintiffs' core

2

allegation—that their threatened eviction was caused by the Defendants' desire to engage in disability discrimination—was an implausible allegation bereft of supporting, non-conclusory factual allegations. The Plaintiffs appealed. The Eleventh Circuit affirmed. Subsequent to the Eleventh Circuit's mandate of affirmance, the Defendants moved for attorney's fees against the Plaintiffs and for sanctions against the Plaintiffs' counsel. Each is addressed in turn.

<u>Attorney's Fees against the Plaintiffs under Florida Law – Count IV (Breach of Contract)</u>

The Defendants seek attorney fees pursuant to section 723.068, Florida Statutes. That section reads as follows: "Except as provided in section 723.037,[2] in any proceeding between private parties to enforce provisions of this chapter, the prevailing party **is** entitled to a reasonable attorney's fee." (emphasis added). A more specific provision in Chapter 723 governs claims for the breach of the obligation of good faith and fair dealing, § 723.021, which also provides for an award of attorney's fees to a prevailing party and reads as follows:

> Every rental agreement or duty within this chapter imposes an obligation of good faith and fair dealings in its performance or enforcement. Either party to a dispute under this chapter may seek an order finding the other party has not complied with the obligations of good faith and fair dealings. Upon such a finding, the court **shall** award reasonable costs and attorney's fees to the prevailing party for proving the noncompliance.

(emphasis added). Chapter 723 governs residential tenancies in which a mobile home is placed upon a rented or leased lot in a mobile home park of ten lots or more. Fla. Stat. § 723.002. An award of attorney's fees under Chapter 723 is mandatory and is not subject to the discretion of the Court. *E.g., Vidibor v. Adams*, 509 So. 2d 973, 974 (Fla. Dist. Ct. App. 1987).

---

[2] Section 723.037 does not apply in this case as it pertains to lot rental increases, reductions in service or utilities, and changes to rules or regulations.

3

Here, the Plaintiffs brought a breach of contract claim for the alleged breach of the obligation of good faith and fair dealing, Count IV. DE 27 at 19.  The Defendants prevailed on that claim, and it is beyond dispute that the Plaintiffs' claim was premised upon a rental agreement for a mobile home lot in a park of ten lots or more. *E.g.*, DE 27 at 19 ("The [Plaintiffs] entered into a valid contract whereby they leased a lot in the Park Place community."); DE 27-5 (attaching the mobile home lot lease to the Second Amended Complaint).  Indeed, Plaintiffs' counsel referred to the lot-based lease underpinning Count IV at the evidentiary hearing:

> *Q.* And breach of contract, what specific clause -- had you been given the opportunity to amend, what specific clause of the contract would you consider adding in the amended complaint?
>
> *A.* I think you are referring to the fact that the Eleventh Circuit criticized that it was not specified which clause of the contract. It would have been paragraph three **of the lot lease** that talked about the lease was annual and it would renew automatically unless either party, 90 days before December 31st, give written notice that they were not going to renew.

Internal Draft Transcript at page 12 (emphasis added).  The Plaintiffs' sole argument at the evidentiary hearing in opposition to their obligation to pay attorney's fees to the Defendants under Chapter 723 is that their claim for breach of the obligation of good faith and fair dealing, Count IV, was premised upon Florida common law, not Chapter 723.  That contention is unpersuasive for two reasons.

First, it is immaterial that Chapter 723 is not specifically mentioned in the Plaintiffs' Second Amended Complaint.  "Court[s] look beyond the captions and labels in a complaint to the content and substance of the allegations." *E.g., Paramo v. IMICO Brickell, LLC*, No. 08-CV-20458, 2008 WL 4360609, at *7 (S.D. Fla. Sept. 24, 2008).  "[C]ourts generally look to substance of a pleading, not its labels and form." *E.g., Pickett v. Williamson*, No. 11-CV-03439, 2015 WL

4

2450767, at *2 (N.D. Ala. May 22, 2015) (citing *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1253 (11th Cir. 2005)). Chapter 723 unequivocally governed the Plaintiffs' claim for breach of contract, and thus Chapter 723 applies, even if the Plaintiffs failed to cite to that Chapter.

Second, Chapter 723 either abrogated common law fair-dealing claims or imposed new requirements on common law fair-dealing claims, provided the claims arise under a mobile home lot lease. If Chapter 723 abrogated such common law claims, then the claims *must* be brought under Chapter 723, not the common law. In the alternative, even if Chapter 723 did not abrogate common law fair-dealing claims involving mobile home lot leases,[3] it certainly imposed a *new* requirement on fair-dealing claims falling within the scope of the Chapter—a mandatory award of attorney's fees to a prevailing party. The Court illustrates this principle with a hypothetical. Suppose Chapter 723 conferred on mobile home parks an immunity from liability for claims involving the breach of the obligation of good faith and fair dealing. The Plaintiffs could not avoid that conferral of immunity by arguing that their claim was premised upon the common law, not Chapter 723, because Chapter 723 applies to mobile home lot leases.[4] The Plaintiffs brought a breach of contract claim for their mobile home lot lease. For such a claim, Chapter 723 mandates an award of attorney's fees to a prevailing party. The Defendants were the prevailing party. Chapter 723 thus requires an award of fees in favor of the Defendants as to Count IV.

---

3 As a general matter, there is a presumption in favor of the preservation of the common law. *E.g., Humana Health Plans v. Lawton*, 675 So. 2d 1382, 1384 (Fla. Dist. Ct. App. 1996).
4 Common law claims cannot be inconsistent with legislative enactments. *E.g., Banfield v. Addington*, 140 So. 893, 675 (Fla. 1932). "Abrogation may be implied from an inconsistency with the legislative enactment and the former common law rule." *Somer v. Johnson*, 704 F.2d 1473, 1477 (11th Cir. 1983).

5

Attorney's Fees Against the Plaintiffs under Federal Law – Counts I, II, and III (Discrimination)

The Defendants also seek attorney's fees from the Plaintiffs pursuant to 42 U.S.C. § 3613(c)(2), wherein a court may award attorney's fees to a prevailing party in a housing discrimination case. "When a defendant is the prevailing party on a civil rights claim, the Court has held, district courts may award attorney's fees if the plaintiff's 'claim was frivolous, unreasonable, or groundless.'" *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 422 (2016) (citing *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 422 (1978)). The requisite standard for an award of frees is a stringent one, and a case is only considered to be frivolous where it is "so lacking in arguable merit as to be groundless or without foundation." *Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1279 (M.D. Fla. 2003) (citing *Sullivan v. Sch. Bd. of Pinellas Cnty.*, 773 F.2d 1182, 1188 (11th Cir. 1985)). "Typical 'frivolity' cases include those where summary judgment is decided in favor of the defendant or on a . . . motion for involuntary dismissal where the plaintiffs do not introduce any evidence in support of their claims." *Id.* at 1279-80.

In determining whether to award attorney's fees to a defendant in a civil rights action, a court must "examine (1) whether the plaintiff established a prima facie case, (2) whether the defendant offered to settle, and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits." *Turner v. Sungard Bus. Sys., Inc.*, 91 F.3d 1418, 1422 (11th Cir. 1996). As to these factors, cases where a plaintiff at least establishes a prima facie claim tend to not warrant attorney's fees. *Walker v. NationsBank*, 53 F.3d 1548, 1559 (11th Cir. 1995) (attorney's fee award improper where defendant's two summary judgment awards were denied

6

and plaintiff established prima facie case at trial); *EEOC v. Reichhold Chems. Inc.*, 988 F.2d 1564, 1572 (11th Cir. 1993) (attorney's fee award improper where the plaintiff established a prima facie case). Conversely, cases where a plaintiff fails to make a prima facie claim tend to warrant attorney's fees. *Minus v. Miami-Dade Cnty.*, No. 19-CV-25113, 2021 WL 5238604 (S.D. Fla. Oct. 30, 2021); *Sloan v. Miami-Dade Cnty.*, No. 18-CV-21517, 2020 WL 5902486 (S.D. Fla. Jan. 24, 2020).

The applicable factors favor a finding of frivolity in this case. Although the Court is unclear as to whether the Defendants made an offer to settle *Friedel II*,[5] the Plaintiffs failed to allege any prima facie claim. Further, not only did the Plaintiffs "fail to introduce evidence in support of their claims," but the Court also determined that the Plaintiffs should not even have an additional opportunity to allege the *existence* of evidence in support of their claims. Indeed, the Court dismissed the Plaintiffs' case, with prejudice and without opportunity to amend, in its first ruling on the Defendants' motion to dismiss.[6] The Court is unable to recall any other counseled case where it dismissed a plaintiff's complaint on plausibility grounds, with prejudice, without any opportunity to amend, in its first substantive ruling on a motion to dismiss.

Other case-specific facts favor an award of fees as well.[7] Here, the Defendants were haled into court to defend their actions a second time, in a case involving the same dog, the same threatened eviction, with the same Plaintiffs, bringing the same claims. Yet the Plaintiffs justified

---

[5] At the evidentiary hearing, the Defendants used the Plaintiffs' solicitation for settlement offers as a basis to argue that the Plaintiffs' counsel acted in bad faith in *Friedel II*. A fair inference from the Defendants' position is that the Defendants were not interested in reasonable settlement negotiations. Even if the Defendants did make a settlement offer, however, the Court's decision would remain unchanged because of how strongly the instant case favors an award of fees to the Defendants.

[6] Although the Defendants filed an earlier motion to dismiss, the Court did not rule on the Defendants' request for dismissal (instead denying dismissal without prejudice) and confined its ruling to the mandatory joinder of Park Place as a Defendant.

[7] Fee awards must be made on a case-by-case basis. *E.g., Walker*, 53 F.3d at 1559.

7

the filing of *Friedel II* through their contention that the jury in *Friedel I* was: "deliberately kept ignorant regarding the professional training received by [Maggie], and misled regarding the diligence of both Plaintiffs in addressing Maggie's reactivity to small dogs." DE 31 at 1-2 n.2. Additionally, the Plaintiffs utilized their successive case, *Friedel II*, to demand, in discovery, that the Defendants: "[i]dentify all employees and independent contractors which you paid wages, salary, or fees for services in the last five (5) years who live(d) in Florida," and "[a]ll documents which show, confirm, evidence or reflect payments to those persons and contractors." DE 48 at 6. These discovery demands were made against a publicly traded company that operates a very large number of communities in Florida, even though Plaintiffs' counsel opined: "I doubt **either side** will learn much in discovery it did not already know." *Id.* (emphasis added). In the same e-mail where Plaintiffs' counsel observed that discovery (despite its breadth) would likely yield little new information, Plaintiffs' counsel suggested that the Defendants make a settlement offer. DE 61-1.

In conclusion, weighing all case-specific factors, the Court concludes that the Plaintiffs' case was frivolous and without factual or legal foundation. The Defendants are entitled to a reasonable attorney's fee for the Plaintiffs' discrimination counts, Counts I, II, and III.

<u>The Allocation of the Court's Fee Award</u>

Because the Court has awarded the Defendants attorney's fees for each count in the Second Amended Complaint, the Defendants' entitlement is not limited to their defense to any specific count. However, even if the Court were incorrect on one of the grounds for the fee award—Florida law or federal law—the Defendants would still be entitled to a reasonable attorney's fee for the entirety of their defense for the reasons set forth below.

8

In a multicount complaint, a claim is separate and distinct for prevailing party attorney's fees if it "support[s] an independent action and are not simply alternative theories of liability for the same wrong." *E.g., Avatar Dev. Corp. v. DePani Const., Inc.*, 883 So. 2d 344, 346 (Fla. Dist. Ct. App. 2004) (citing *Folta v. Bolton*, 493 So. 2d 440, 442 (1986)). Here, the Plaintiffs' claims for housing discrimination (Counts I though III) and breach of the obligation of good faith and fair dealing (Count IV) are not distinct, they are simply alternative theories for the same wrong. Both sets of claims are premised upon the contention that the Defendants sought to evict the Plaintiffs because of the Defendants' desire to discriminate on the basis of disability. *E.g.,* DE 27 at 20 ("Sun Communities, by refusing to accommodate George Friedel's disability-related need to live with his ESA, . . . cause[d] a breach or disruption of the lease contract."). Stated another way, all of the Plaintiffs' claims arise from the same nucleus of operative facts—they are all intertwined. The Court's award of attorney's fees is therefore not limited to the Defendants' fees in connection with any specific count or to any specific range of time, and instead applies to the Defendants' fees in connection with the entirety of their defense of this case.

## Sanctions Against the Plaintiffs' Counsel

The Defendants seek sanctions against the Plaintiffs' counsel for the vexatious multiplication of proceedings under 28 U.S.C. § 1927. The requisite standard for a fee award under § 1927 is very high—the Court must find, for example, that counsel acted in bad faith. *E.g., Avirgan v. Hull*, 932 F.2d 1572, 1582 (11th Cir. 1991). The Court has reviewed the evidence

submitted by the Defendants,[8] and the Court does not find that the Plaintiffs' counsel acted in bad faith or otherwise warrants the imposition of sanctions.[9]

The Court addresses one related matter. Because Attorney Venza at docket entry 74 expressed an intent to seek Rule 11 sanctions against the Defendants for having to respond to the Defendants' Motion for Sanctions, the Court clarifies that the Defendants' Motion for Sanctions was not devoid of merit; the Court ordered an evidentiary hearing for a reason.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Defendants' Motion for Attorney's Fees [DE 48] is **GRANTED AS TO ENTITLEMENT**. The Defendants shall file a motion to determine the amount of a fee award within twenty days of the date of rendition of this Order. The Defendant's Motion for Sanctions [DE 49] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 25th day of March, 2022.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[8] The Court has not relied in any way on the testimony of the Plaintiffs' expert, Mr. James Hauser. As a result, the Court need not address the Defendants' motion to strike Mr. Hauser as an improper expert witness.
[9] This ruling does not conflict with the Court's finding of frivolousness because even a frivolous case may be filed in subjective good faith. *Boler*, 290 F. Supp. 2d at 1279.

10