UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-CV-14394-ROSENBERG/MAYNARD

GEORGE FRIEDEL & KATHLEEN
FRIEDEL,

    **Plaintiffs,**

v.

SUN COMMUNITIES, INC. & PARK
PLACE COMMUNITY, LLC,

    **Defendants.**

_____/

## ORDER REQUIRING CERTIFICATION OF
## GOOD FAITH CONFERRAL AND SUPPLEMENTAL FILING

Presiding U.S. District Judge Robin Rosenberg has determined that Defendants are entitled to the attorneys' fees and costs they spent defending this case, and she has referred the matter to me to determine the amount Defendants may recover. DE 88, DE 94. In support of their requested amount, Defendants have filed a Second Renewed Motion for Attorneys' Fees and Costs ("Motion"). DE 92. Plaintiffs have filed a response in opposition. DE 96.[1] No reply has been timely filed.

Having scrupulously reviewed the Motion and the record, I find that the Motion contains material deficiencies which preclude me from properly assessing the reasonable amount of fees and costs to which Defendants are entitled. These deficiencies seriously undermine my confidence

---

[1] Plaintiff George Friedel submitted a one-page letter, dated May 5, 2022, which asks the Court to consider his "situation and feelings as to the fairness of any decision" to assess fees. DE 97. This uninvited letter runs contrary to Local Rule 7.7, which prohibits represented parties such as Mr. Friedel from submitting letters or arguments directly to the Court unless invited or directed by the presiding Judge. S.D. Fla. Local Rule 7.7. Thus, I have limited my review to the arguments made by Mr. Friedel's counsel in the response submitted on behalf of both Plaintiffs.

in the accuracy of Defendants' claimed amounts. To streamline matters, I will require the parties to engage in a renewed good faith conferral on the matter of attorneys' fees and costs. If, following such conferral, the parties remain unable to resolve this matter by agreement, then Defendants shall be authorized to file supplemental material to address the deficiencies in the Motion. Below I set forth the pertinent background followed by my reasons for issuing this Order.

## BACKGROUND

### A. *Friedel I and Friedel II*

This is Plaintiffs' second case about their dog Maggie. In the first case, *Friedel v. Park Place Cmty., LLC* ("*Friedel I*"), 747 F. App'x 775 (11th Cir. 2018), Plaintiffs sued Park Place Community, LLC ("Park Place"), the mobile home park where they lived with Maggie, for disability discrimination in violation of the Fair Housing Act ("FHA"). *Friedel I* was tried before a jury. The jury found that Maggie was an aggressive and dangerous animal that threatened the safety of the Plaintiffs' neighbors and thus concluded that Park Place's actions were lawful. Plaintiffs moved for new trial, which the Court denied. Plaintiffs appealed and the Eleventh Circuit affirmed in a decision dated August 29, 2018. *Id.*

After the first affirmance, on October 16, 2019, the same two Plaintiffs filed this second case. *Friedel v. Sun Communities, Inc. et al.* ("*Friedel II*"), 2021 WL 3732992 (11th Cir. Aug. 24, 2021). *Friedel II* still concerns Maggie, the same Plaintiffs represented by the same counsel, and the same eviction. The case raised claims under the FHA and Florida law. *Friedel II's* key difference is that Plaintiff's allegations were filed against a new Defendant— Park Place's parent company, Sun Communities, Inc. ("Sun Communities"). *Id.* In *Friedel II*, Plaintiffs were ordered to join Defendant Park Place as a necessary party, after which the case was dismissed with prejudice based on a "finding that the most plausible explanation for the Plaintiffs' threatened

eviction was the fact that, one day prior to the notice of eviction, the Defendants prevailed in a trial by jury—*Friedel I*" and "Plaintiffs' core allegation—that their threatened eviction was caused by the Defendants' desire to engage in disability discrimination—was an implausible allegation bereft of supporting, non-conclusory factual allegations." DE 88 at 2-3. Plaintiffs appealed and the Eleventh Circuit affirmed in a decision dated August 24, 2021. *Friedel II* at *1.

    **B.**    *Attorneys' Fees and Costs Litigation*

On May 29, 2020, following the Order dismissing with prejudice *Friedel II*, Defendants filed their first motion for attorneys' fees and costs. DE 41. This first motion sought to recover $55,000.00 as "a fair estimate of Defendants' attorneys' fees" plus $2,500.00 for a rebuttal canine expert witness. *Id.* at 8. On June 19, 2020, Defendants withdrew this first motion without prejudice to allow the parties to confer on the matter of fees and costs. DE 46.

On July 16, 2020, noting the parties' disagreement on both entitlement and amount of fees, Defendants filed a renewed motion for attorneys' fees and costs. DE 48. The renewed motion sought (1) $72,780.10 in attorneys' fees—comprised of fees for defense work performed by two different law firms; that is, $28,746.10 expended by Atlas Law, PLLC and ("Atlas Law") plus $44,034.00 expended by Jaffe Raitt Heuer & Weiss, P.C. ("Jaffe Law"); (2) $29.70 in unspecified "costs," and (3) $2,500.00 for a rebuttal canine expert witness. *Id.* at 7, 9. On July 21, 2020, Judge Rosenberg terminated this renewed motion with leave for it to be reinstated following the then pending appeal. DE 50.

On October 22, 2021, following the Eleventh Circuit's order affirming Judge Rosenberg's Order dismissing *Friedel II* with prejudice, Defendants moved to reinstate their renewed motion for attorneys' fees and costs. DE 53. The motion to reinstate was granted the same day. DE 54.

On March 21, 2022, after the reinstated motion was fully briefed, Judge Rosenberg held an evidentiary hearing which lasted four hours. DE 82. On March 25, 2022, Judge Rosenberg issued an order granting Defendants' motion for attorney's fees. DE 88.[2] Judge Rosenberg found that Defendants are entitled to a reasonable fee award under both state and federal law. DE 88 at 5, 8 ("Chapter 723 [of the Florida Statutes] thus requires an award of fees in favor of the [prevailing party] Defendants as to Count IV" for breach of contract; in addition, under 42 U.S.C. § 3613(c)(2), "weighing all case-specific factors, the Court concludes that the Plaintiffs' case was frivolous and without factual or legal foundation. The Defendants are entitled to a reasonable attorney's fee for the Plaintiffs' discrimination counts, Counts I, II, and III.").

Importantly, Judge Rosenberg found Defendants entitled to attorney's fees for each alleged count but expressly noted that the award is not limited to their defense to any specific count based on the "intertwined" nature of Plaintiffs' claims arising "from the same nucleus of operative facts." *Id.* at 9 ("The Court's award of attorney's fees is therefore not limited to the Defendants' fees in connection with any specific count or to any specific range of time, and instead applies to the Defendants' fees in connection with the entirety of their defense of this case."). Judge Rosenberg ended her Order by requiring Defendants to "file a motion to determine the amount of a fee award" within 20 days. *Id.* at 10. Defendants timely complied by filing the instant Motion. DE 92.

Defendants now seek an award of attorneys' fees and costs totaling $112,744.08. DE 92 at 5. This amount consists of three categories: (1) $109,575.00 in fees for work performed by five attorneys and two paralegals ($40,595.00 in Atlas Law fees plus $68,980.00 in Jaffe Law fees); (2) $2,500.00 for a rebuttal canine expert witness; and (3) $669.08 in costs. In support, Defendants

---

[2] This Order also denied Defendants' separate motion for sanctions against Plaintiff's counsel for alleged vexatious multiplication of proceedings under 28 U.S.C. § 1927. In declining to award sanctions, Judge Rosenberg expressly found no evidence that Plaintiffs' counsel acted in bad faith. DE 88 at 9-10.

attached to their Second Renewed Motion two sets of billing invoices—one from each law firm—together with a one page "Expert Fee Schedule" for canine expert James Crosby. DE 92-1 (Atlas Law Client Ledger); DE 92-2 (Jaffe Law Billing Invoices); DE 92-3 (Expert Fee Schedule). Defendants have also filed an attorney fee affidavit by attorney James Parks of Jaffe Law with a general overview of qualifications and hourly rates sought by each attorney and paralegal at his law firm. DE 93-1.

Plaintiffs oppose the Motion on grounds that the fee request is unverified and fails to comport with Local Rules, thus meriting "a zero fee award." DE 96 at 5. Alternatively, Plaintiffs argue that substantial reductions should be made to the fee request based on different enumerated arguments. These arguments include that this Court lacks authority to award appellate fees, that all fees incurred by Jaffe Law should be excluded because neither attorney Parks nor any attorney at Jaffe Law properly appeared *pro hac vice*, expert witness fees are not authorized, and Defendants' invoices reveal numerous block/duplicative billing and other unreasonable entries. *Id.* at 7-17. As for costs, Plaintiffs contend that Defendants did not file the requisite bill of costs and otherwise seek impermissible categories of costs. *Id.* at 17-19.

## DISCUSSION

### A.     *Certified Good Faith Conferral*

As detailed above, the issue of post-judgment attorneys' fees and costs has been extensively litigated in this successive case. Defendants have remained steady in their filing of similar motions in pursuit of their fees and costs, however such motions have been lacking in important details while the total amount sought has become progressively higher over time. This Court's Local Rules require conferral with opposing counsel prior to filing most motions, including motions seeking fees. S.D. Fla. L.R. 7.1(a)(3). Such conferral is designed to grant the opposing party

notice and a fair opportunity to discuss and either narrow or resolve disputed issues prior to the filing of a motion seeking Court intervention. Regarding motions for attorneys' fees and costs, this Court's local rules sets out a detailed rule providing "a mechanism to assist parties in resolving attorneys fee and costs disputes by agreement." S.D. Fla. L.R. 7.3(a). Among other things, Local Rule 7.3(a) requires that a fee motion *shall*: (1) provide "the identity, experience, and qualifications for each timekeeper for whom fees are sought; the number of hours reasonably expended by each such timekeeper; a description of the tasks done during those hours; and the hourly rate(s) claimed for each timekeeper;" (2) include invoices to support the claimed fees; and (3) be verified. S.D. Fla. L.R. 7.3(a)(5)-(7). As Plaintiffs correctly point out, there is persuasive authority for denying motions for fees and costs based solely upon a failure to strictly comply with Local 7.3's requirements. *See J.B. Hunt Transp., Inc. v. S & D Transp., Inc.*, 589 F. App'x 930, 933 (11th Cir. 2014) (affirming denial of moving party's motions for attorney's fees, expenses, and costs for failure to comply with Local Rule 7.3, "which constituted an independently sufficient basis to deny" the motions); *Koppelman v. Galt Ocean Manor Condo. Ass'n, Inc.*, No. 16-62175-Civ-Bloom/Valle, 2017 WL 7411184, at *2 (S.D. Fla. Dec. 21, 2017) (Judge Bloom's Order adopting recommendation to deny motion for fees and costs *with prejudice* for failure to comply with Local Rule 7.3).

Here, I disagree with Plaintiffs' argument for outright denial of any award of fees and costs for failure to confer. Plaintiffs have been on full and fair notice of Defendants' request for fees and costs since shortly after this case was dismissed with prejudice. The record shows signs of previous conferral between the parties, including when Defendants withdrew their first motion on the issue for the express purpose of allowing the parties to confer. However, this conferral predated two important developments in the case: the appellate mandate affirming the dismissal

of this case with prejudice and the subsequent determination on entitlement. Following a lengthy evidentiary hearing, Judge Rosenberg issued her comprehensive order finding that Defendants are entitled to an award of fees "in connection with the entirety of their defense of this case" and directed Defendants to file a motion regarding the amount of fees to be awarded. Defendants complied with this directive and Plaintiffs have had an opportunity to respond in opposition. Given this background, particularly the entitlement finding, I find inappropriate a summary denial of fees and costs for failure to confer. However, given the deficiencies in Defendants' Motion discussed below and in the interest of avoiding further unwarranted expenditure of judicial and party resources, I find it entirely appropriate to require a certified good faith renewed conferral on fees and costs as contemplated under the Local Rules. I am hopeful that such conferral will either eliminate or greatly narrow any disputes on the matter of fees and costs.

### B. *Material Deficiencies*

Importantly, as the moving party, Defendants bear the burden of establishing that claimed hourly rate and hours expended are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988). To satisfy this burden, Defendants must provide the Court with sufficiently detailed records so that the Court can assess the time claimed for each activity. *Id.* at 1303; *see also Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV, 2011 WL 9364952, at *14 (S.D. Fla. July 15, 2011) ("A party seeking to recover attorneys' fees bears the burden of providing specific and detailed evidence so that a determination can be made of the necessity of the action and the reasonableness of the time claimed for the action.") (*citing A.C.L.U.*, 168 F.3d at 427, 432-33). In addition, "the matter is quite settled in this district that a moving party must provide supporting documentation to justify a cost award of any kind." *See Architectural Ingenieria Siglo XXI, LLC v. Dominican Republic*, No. 13-20544-Civ-

Moore/McAliley, 2020 WL 6808856 at *9 (S.D. Fla. Apr. 16, 2020), *report adopted*, 2020 WL 5757493 (S.D. Fla. Sept. 28, 2020). Defendants' submissions fall woefully short of satisfying these requirements.

Hardly a model of clarity, the Motion is deficient in several material respects. I will identify three.[3] First, in seeking $40,595.00 in attorneys' fees for work performed by Atlas Law, a footnote states generally that "fees for appellate work have been subtracted from the final attorneys' fee amount, but the appellate work remains listed on the attached Exhibit 'A.'" DE 92 at 2. Exhibit A is a "Client Ledger" that contains hundreds of line-item explanations but there is no summary of total fees expended for trial work versus appellate work. No further explanation or calculations are provided. In addition, while Defendants set forth the number of hours expended by the two Atlas Law attorneys, the attached Client Ledger does not identify which of the two attorneys completed each listed task making it impossible for me to review or otherwise reconcile the claimed amounts and hours.

Second, in separately seeking $68,980.00 in attorneys' fees for work performed by Jaffe Law, Defendants identify by name three attorneys and two paralegals who purportedly worked on this case for a combined total of 169.4 hours. Defendants do not specify how many hours each of these five timekeepers expended and instead refer to 7 pages of billing invoices attached as Exhibit B. DE 92-2. Unlike the Atlas Law client ledger, the Jaffe Law billing invoices identify which timekeeper completed each task but Defendants have not provided a chart or other summary setting

---

[3] I reviewed Defendants' amended motion for attorneys' fees and costs, filed prior to the appeal, for possible clarification or additional support for Defendants' claimed amounts of fees and expenses. DE 48. However, the Amended Motion contains the same deficiencies outlined in this Order. Defendants filed a reply in support of the amended motion following the appeal, however the reply provides no pertinent clarification or support either. DE 61.

forth "the number of hours reasonably expended by *each such* timekeeper." S.D. Fla. L.R. 7.3(a)(5)(B).

Third, in seeking costs, Defendants claim that "Jaffe [Law] experienced $669.08 in costs which is further documented in the time keeping records attached hereto." DE 92 at 4. Jaffe Law attorney James Parks' affidavit generically states that "[e]ach item and costs are correct and was necessarily incurred in this matter." DE 93-1, Jaffe Aff. ¶ 12. No further detail about costs is provided in the Motion or affidavit. Upon review of Jaffe Law's attached billing invoices, costs are not readily discernable or supported. Defendants' submissions thus do not satisfy the basic requirement of clearly providing itemized costs and corresponding invoices showing the amount of costs incurred. *See Architectural Ingenieria*, 2020 WL 6808856 at *9.

Among other arguments raised in opposing the Motion, Plaintiffs point out the above deficiencies in their response. Rather than file a reply to address Plaintiffs' points or to otherwise clarify matters, Defendants opted to remain silent.

Despite this surprisingly nonchalant approach taken by Defendants, given the finding of entitlement and in the interest of bringing closure to this post-judgment matter of attorneys' fees and costs, I will grant Defendants limited leave to file a supplemental notice with materials in support of their Motion.

Based on the foregoing, it is hereby **ORDERED AND ADJUGED** as follows:

1. Counsel for the parties shall forthwith engage in a good faith conferral on the matter of attorneys' fees and costs. Following this conferral, **by Friday, August 12, 2022**, Defendants shall file a notice certifying that a good faith effort to resolve this matter by agreement occurred, stating the nature of the conferral, and describing what was and

     was not resolved by agreement. To the extent the parties are able to resolve this matter entirely, an appropriate notice of withdrawal shall be filed.

2. To the extent the parties are unable to reach a resolution, **by Friday, August 19, 2022**, Defendants shall file a Supplemental Notice containing (1) a chart or summary that conveys, with specificity, the precise number of hours expended by each timekeeper with pinpoint citation to invoice(s) or other materials on file that support those hours expended; (2) a chart or other clear summary of fees relating to trial versus appellate work performed by the timekeepers with corresponding pinpoint citations to the record; and (3) a summary that conveys, with specificity, the categories of costs, with specific reference to the invoice(s) that support those claimed costs.

3. Defendants **may not** supplement their request for attorneys' fees and costs with additional argument. Rather, leave is granted for Defendants to simply file missing invoices and to clarify, by adding more factual detail, their claimed fees and costs.

4. I caution that failure to comply with this Order's requirements may result in a recommendation that the Motion be summarily denied or the requested amounts substantially reduced based on the incomplete and imprecise nature of the current Motion.

     **DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 4th day of August, 2022.

                                                                        SHANIEK M. MAYNARD
                                                                        U.S. MAGISTRATE JUDGE